### PECK *against* SILL.

The statute of amendments does not authorize an alteration, which varies the ground of action, and introduces a new party on the record. Therefore, a writ against the copartnership of *H.* & *R.*, cannot be amended, by erasing the name of *R.*, and making it a writ against *H.* in his individual capacity.

Such alteration, if made, would terminate an attachment under the original writ, and dissolve the lien created by it.

That such an alteration has been made, may be proved by parol evidence, in a subsequent suit between other parties, for the purpose of evincing a dissolution of lien.

*October* 19.

THIS was an action of ejectment, tried at *New-London,* *January* term, 1819, before *Swift,* Ch. J. and *Brainard* and *Chapman,* Js.

On the 6th of *August,* 1817, the plaintiff prayed out a writ of attachment against *William Hall* and        *Robbins,* of the city of *New-York,* describing them as merchants in company, under the firm of *Hall & Robbins,* on which the land demanded was attached as the property of *Hall.* Afterwards, on the same day, the defendant attached the land as the property of *Hall.* Both writs were returned to the county court; and the suits were continued to the term of that court, in *March,* 1818; when they went into judgment. Executions were taken out, and duly levied on the land. The defendant was in possession. On the trial of the present action, in the superior court, the defendant was permitted to prove, by parol evidence, that the county court suffered the plaintiff to amend his writ against *Hall & Robbins,* by erasing the name of *Robbins,* and making it a process against *William Hall* only. The court charged the jury, that this amendment or alteration of the plaintiff's writ, discharged the priority acquired by his attachment; and a verdict was given for the defendant. The plaintiff moved for a new trial, on the ground of the admission of improper evidence, and of a misdirection.

*Law* and *E. Learned,* in support of the motion, contended, 1. That the county court had power to allow the amendment. The words of the statute, (*a*) which is a beneficial one, and

---

(*a*) 1 *Stat. Conn. tit.* 2. *c.* 2. " The several courts of law and equity in this state, in any action hereafter brought, may, at any time, permit the parties respectively to amend any defect, mistake or informality, in the writ, declaration, pleadings, or other parts of the record, in civil causes pending before them, upon payment of the lawful costs to the other party, at the discretion of the court in which the same shall be pending."

*New-London,*
October,
1819.

Peck
*v.*
Sill.

ought not to receive a narrow construction, are broad enough to include this case.   There is no restriction upon the power of the court, in relation to amendments "in civil causes pending before them," except their own "discretion."

2. That parol evidence was inadmissible to prove that the amendment was made.   The process and judgment, on the face of them, are regular and valid.   Now, can parol evidence be received to shew, that they are void?  A judgment cannot be impeached collaterally, except on the ground of fraud.   *Swift's Ev.* 14.

3. That the effect of the amendment is not to discharge the lien created on the estate, by the attachment.  If the judgment is valid, it must be valid throughout ; and it will draw after it all the incidents of a valid judgment.   If the amendment has any operation, it will reach back to the inception of the process.   Third persons cannot complain of this. The subsequent attaching creditor had all the notice of the lien, which he would have had, if no amendment had been made.   *Cooley* v. *Sanford, Kirb.* 103.  105.

*Gurley* and *Wait,* contra, contended, 1. That the statute of amendments provides for the correction of such defects and mistakes only, where the parties are misdescribed in the writ, or where the title or claim is imperfectly or defectively stated in the declaration ; but the identity of the party cannot be destroyed, and the nature of the action changed, by an amendment.   *Ross* v. *Bates,* 2 *Root,* 198.   *Freeman* v. *Beadle* & al. 2 *Root,* 492.  *Tabrum* v. *Tenant,* 1 *Bos.* & *Pul.* 481.  Here, the party defendant, and the ground of action, were changed ; *William Hall* being a distinct person from the copartnership of *Hall* & *Robbins ;* and a debt against *William Hall* being a distinct ground of action from a debt against *Hall* & *Robbins.*

2. That conceding the power of the court to allow the amendment in question ; yet the effect of it was, to discharge the lien on the land, acquired by the attachment.   The statute regulating attachments (*b*) requires, that " when any real estate is taken, the officer serving the writ shall leave a true and attested copy thereof, and a description of the estate taken, at the town-clerk's office, in the town where the estate lies."   But in this case, a true copy of the writ, on which

(*b*) 1 *Stat. Conn. tit.* 14. *c.* 1. *s.* 1.

the judgment was rendered, was never left at the town-clerk's office. When the plaintiff amended his writ, so as to make a new one of it, he, of course, gave up his hold upon the property attached.

3. That parol evidence was properly received to shew the amendment. The record shews only what the writ and declaration were *after* amendment. What they were previously, as well as the motion to amend, and the decision of the court upon that motion, must be proved *aliunde*. At any rate, the plaintiff cannot complain of the admission of such evidence. He must have introduced it to establish his priority of lien, if the defendant had not. The plaintiff could establish a priority of lien, in no other way, than by shewing a process against *William Hall*, in his individual capacity, prior to the service of the defendant's attachment. This could not be done, without proving the amendment, as the defendant proved it, assuming, that when made, it would have relation to the inception of the process.

HOSMER, Ch. J. By his attachment, the plaintiff obtained priority of lien. The amendment, however, which the county court permitted him to make, constituted a *new ground of action*, against a *new party;* and by reason of it, the lien was annulled. The construction of the statute concerning amendments has, with much propriety, been very liberal; but it has not been, and cannot be, extended to an alteration, which varies the ground of the action, and introduces a new party on the record. A debt due from *Hall & Robbins* has no identity with a debt due from *Hall* only; and the natural person *Hall* is not the artificial person formed by the copartnership of *Hall & Robbins*.

The judgment of the county court, although necessary to the continuance of the lien, did not create it: the foundation of it was a lawful attachment; and whatever fact terminated the attachment, equally dissolved the lien.

The manner of proving the dissolution of the lien, by parol testimony, was altogether unexceptionable. It was the best evidence the nature of the case admitted of; nor can I conceive how the point could otherwise have been evinced. The plaintiff, on whom the proof regularly devolved, to shew the priority of his lien, must have resorted to the same evidence. The production of the attachment in a suit against

*New-London,*
*October,*
*1819.*

Peck
*v.*
Sill.

*Hall & Robbins*, would be wholly inapposite to shew a continuance of the lien, by judgment, in the action against *Hall* only ; nor could it have been made relevant, unless by the exhibition of the same testimony on which the defendant relied.

No fraud is imputed to the plaintiff, by the record ; nor was it necessary.  By the change of action and party, the lien was terminated as effectually as if the suit originally commenced by the plaintiff had been withdrawn ; as most clearly it was abandoned, and another substituted.

The determination of the superior court was, unquestionably, correct.

The other Judges were of the same opinion.

New trial not to be granted.