*Fairfield,*
June,
1825.

Starr
*v.*
Lyon.

STARR *against* LYON and another.

A bond for prosecution is essential to the validity of a writ of attachment.

A material alteration of a writ of attachment, after it has been issued, with a bond for prosecution taken thereon, avoids such bond.

Therefore, where a writ of attachment was signed and issued, by a justice of the peace, with a bond for prosecution taken by him thereon, against two defendants, one of whom was dead, returnable to the county court to be holden at *D.,* when such court was by law to be holden at *F.*; and, by request of the recognizor, such writ was altered, by striking out the name of the deceased defendant, and by inserting *F.* in lieu of *D.,* without the consent or knowledge of the magistrate who took the bond, or of the parties in the action ; it was held, that such alteration avoided the bond, and consequently, the writ of attachment.

This was an action of debt, on a bond, given to the plaintiff, as sheriff of the county of *Fairfield,* for the appearance of *Gershom Lyon,* one of the defendants, at the county court then to be holden at *Fairfield,* on the last *Tuesday* of *February,* 1822.

The cause was tried, on the general issue, at an adjourned term of the superior court, at *Fairfield,* in *March,* 1824, before *Peters,* J.

The original writ, on which the defendant, *Lyon,* was arrested, and committed for want of bail, was signed and issued by *Calvin Wheeler,* Esq. a justice of the peace, against *Gershom Lyon* and *Thomas Lyon,* in an action on a promissory note, in favour of *Isaac Edwards,* returnable to the county court of *Fairfield* county, therein alleged to be holden at *Danbury,* on the last *Tuesday* of *February,* 1822, on which *Zalmon Edwards,* a son of the plaintiff, in that action, gave bond to prosecute. The writ was carried, by *Zalmon Edwards,* to another officer to be served, when it was discovered, that said county court was to be holden at *Fairfield,* and not at *Danbury,* and that *Thomas Lyon* was dead ; whereupon *Abial K. Botsford,* Esq. at the request of *Zalmon Edwards,* erased from the writ the name of *Thomas Lyon,* and substituted the word *Fairfield* for the word *Danbury,* without the consent or knowledge of said justice *Wheeler,* or of the parties in the action. By virtue of the writ, so altered, *Gershom Lyon* was arrested, and committed to prison for want of bail ; and to obtain his liberation, the defendants gave the bond in question.

Upon these facts, the judge instructed the jury, that said attachment and bail-bond were void ; and directed them to return a verdict for the defendants. This being done, the plaintiff moved for a new trial, on the ground of a misdirection.

*Daggett* and *M. B. Whittelsey,* in support of the motion, contended, 1. That the matter relied upon as a defence, ought to have been pleaded in abatement, within the time limited for pleas in abatement.   The writ in question was, on the face of it, a regular writ of attachment, on which a bond for prosecution had been duly given, having proper parties, and returnable according to law.   It is too late, after final judgement has been rendered, on this process, to impeach its validity, in a collateral action.

2. That if this was not strictly and exclusively matter of abatement, it ought to have been pleaded specially, and could not be made available as a defence under the general issue.

3. That the facts themselves, in whatever way disclosed, constituted no defence.   It will not be claimed, that the bond in suit is void, unless the bond for prosecution was void.   Why was *that* void ?   It was good originally ; and it never was altered afterwards.   The alterations made were in the *writ,* not in the bond for prosecution.   If it be said, that the bond referred to the writ ;   and an alteration of the latter necessarily affected the former ;   the first answer is, that the alteration was made at the *request of the obligor* himself.   Another answer, equally decisive, is, that the altered bond subjected the obligor to no responsibilities, which he had not already assumed.   *Parsons* v. *Ely* & al. 2 *Conn. Rep.* 379.   *Smith* v. *Crooker* & al. 5 *Mass. Rep.* 538.

*Sherman* and *Booth,* contra, remarked, that if *Gershom Lyon* was not lawfully arrested and imprisoned, the bond taken for his liberation was not valid.   They then contended,

1. That an arrest under a writ of attachment, without bond for prosecution, is unlawful; the process being entirely a creature of positive statutory provision, by which such bond is required.   *Stat.* 25.   1 *Swift's Dig.* 588.

2. That the original writ of attachment, in this case, returnable to the county court to be holden at *Danbury,* when that court was not by law to be holden there, but at *Fairfield,* and the bond given thereon, were void ;   both being unauthorized, and the condition of the latter being impossible.

3. That the alteration of the writ, thereby altering the condition of the bond, was a *material* alteration, and rendered the altered bond void.

4. That a bond for prosecution, being *a bond of record,* or recognizance, entered into before a magistrate or court, cannot

be altered, by the recognizor, without the co-operation of a magistrate or court. If it be not good, when it leaves the magistrate or court, it cannot be set up, by any thing done afterwards.

PETERS, J. A bond to prosecute is essential to the validity of an attachment. *Stat.* 25.

It is a recognizance, or bond of record, acknowledged before a magistrate, with condition that the plaintiff shall prosecute his suit; and whatever avoids the attachment, avoids the bond. 1 *Swift's Dig.* 376.

By the common law, if a bond or deed be altered, by a stranger, without the consent of the obligee, in a point material, it is void; and the reason given is, that the witness cannot prove it to be the act of the party that delivered it, when there is a material difference from the sense of the contract. 1 *Swift's Dig.* 126. And in *Henry Pigot's* case, 11 *Co. Rep.* 27. which was an action of debt on a bail bond, it was resolved, " that when any deed is altered in a point material, by the party him-self, or by any stranger, without the privity of the obligee, be it by interlineation, addition, rasing, or the drawing of a pen through a line, or through the midst of a material word, *that* shall avoid the deed." The alteration of a simple contract in writing, avoids it, on the same principle. 1 *Swift's Dig.* 126. *A fortiori* does it avoid an instrument more solemn than either.

The original writ, when issued by justice *Wheeler*, was void; for it was not returnable to any court. It was issued against, and the bond thereon was taken to, a person not in being. Had it been otherwise, the alteration of the place of trial from one town to another, and the alteration of the recognizance from two recognizees to one, rendered it void. This principle has been recently and repeatedly recognized by this Court. Thus, in *Burrows* v. *Stoddard*, 3 *Conn. Rep.* 431. where an attachment was made returnable to the county court at *Norwich* instead of *New-London*, where by law it was to be holden, and the writ was accordingly altered by the plaintiff, it was said by the Chief Justice, " that the alteration made in that instrument, after it had issued, changing the place of trial from *Norwich* to *New-London*, undoubtedly nullified it as an attachment ;" and I understood all the other judges to be of the same opinion, although in the report they are silent on this point. A similar opinion was expressed, by this Court, in *Parsons* v. *Ely & al.* 2 *Conn. Rep.* 377. 379. " In all cases of attachment," said the late Chief Justice, "or where the plaintiff lives out of the state,

*Fairfield,*
June,
1825.

Starr
*v.*
Lyon.

so that bonds are required by law, a material alteration of the writ, after it has been signed and issued, and while the bond continues necessary, will destroy the writ ; for it will cease to be the writ on which the bond was taken ; and to permit such an alteration might subject the person giving the bond to responsibilities that he did not contemplate. An alteration in the date, or the court to which it is returnable, is material." So in *Peck* v. *Sill*, 3 *Conn. Rep.* 157. where the plaintiff was allowed, by the county court, to amend his writ, by erasing the name of one of the defendants, sued as joint debtors, it was unanimously holden, by this Court, that the lien by attachment was terminated.

I repeat my concurrence in these opinions ; and, therefore, I do not advise a new trial.

HOSMER, Ch. J. and BRAINARD and BRISTOL, Js. were of the same opinion.

New trial not to be granted.