## David S. Curtis, Appellant, v. Martha Jane Marrs, Appellee.

### APPEAL FROM EDGAR.

Bart and Bartholomew are not the same names, and it will not be presumed, without averment, that the first is an abbreviation of the second name.

Objections to evidence need not be stated, where the objection cannot be obviated.

An indorser is a competent witness for almost any other purpose than that of impeaching the genuineness of the paper indorsed, or its payment, before suit brought.

The suit below was brought in the name of the testator of the defendant in error, and judgment was had at the special January term of the Edgar Circuit Court, 1860.

There are two counts in the declaration; one the common count on the account stated, the other a special count on the following bill of exchange, a copy of which is filed with the declaration:

$1,690 75-100. Paris, Ill., March 1st, 1857.

Six months after date, pay to the order of Bart. Whalon, at Edgar County Bank, with ten per cent. interest, sixteen hundred and ninety and seventy-five one hundredths dollars, value received, and charge the same to the account of

To J. E. Dickenson. DAVID S. CURTIS.

Indorsed, B. WHALON.

Said special count alleges that said bill of exchange was drawn in favor of Bartholomew Whalon, and does not contain any allegation that Bart. Whalon and Bartholomew Whalon are one and the same person.

The bill of exceptions shows that said bill of exchange was offered in evidence at the time of the trial, and objected to by the defendant, the objection overruled by the court, and the ruling of the court excepted to. It also appears from the bill of exceptions that said bill of exchange was in the Edgar County Bank at the time it fell due, and that there were no funds in bank for its payment, and that it was not protested by order of Whalon, the payee of the bill; and that about three months afterwards a payment was made upon the bill by Dill, a partner of the drawee, and that the signature of Curtis to said bill was genuine.

Bartholomew Whalon was also introduced as a witness, who said he was the payee of the bill, and the holder of the same at the time it fell due, and that sometime afterward, say in November, he sold it to the plaintiff—and the defendant objected to this testimony, alleging that it was incompetent, for the reason that Whalon was the payee of the bill of exchange, and an indorser, and therefore an interested witness—which objection was overruled by the court, and the defendant excepted. Whalon was allowed to testify, and said that he did not protest the bill of exchange, because he was requested not to do so, by the drawee, Dickenson—by letter; that he showed said letter to Curtis the drawer, and asked him what he should do. Curtis said, "He did not know—may be had better wait." The consideration of said bill of exchange, was witness' interest in a lot of cattle, owned by him and one Dill jointly, and sold by him to Dickenson, the drawee. This was all the evidence in the case.

The court found for the plaintiff. Defendant moved for a new trial, and assigned for reasons to the court, error in admitting evidence objected to by the defendant, in that the verdict was contrary to the law and the evidence; which motion the court overruled, and rendered judgment for plaintiff, and to the overruling of which motion, and rendering judgment in favor of plaintiff, the defendant excepted.

The following errors were assigned:

The court erred in admitting as evidence the bill of exchange offered by the plaintiff below.

The court erred in admitting Bartholomew Whalon as a witness.

The court erred in overruling the motion of the defendant below for a new trial.

The court erred in rendering a judgment in favor of the plaintiff below and against the defendant below.

READ & BLACKBURN, for Appellant.

The court erred in admitting the bill of exchange, because there was a clear variance between it and the declaration—the declaration alleging that the bill sued upon was payable to Bartholomew Whalon, and the one offered in evidence was payable to Bart Whalon. The court will not know judicially that Bart is a contraction of Bartholomew. If such is the fact, it must be alleged and proven. The question was so decided on this same bill, in the case of *Rives* v. *Marrs*, 25 Ill. 315. Again, the court erred in admitting Bartholomew Whalon to testify. He was clearly an interested witness. If he could not recover this money off of Curtis, he was directly liable to the holder, Marrs, for the money. At the time bills matured he was the holder; and if guilty of any neglect that would relieve the drawer, he would be liable to the present holder. An interested person is not a competent witness. 1 Greenleaf, sec. 386. Also, there is no proof of the presentation of said bill for acceptance; and the acceptance and presentation for payment and notice of non-payment to the drawer. Before the drawee is liable for the bill, he must be

notified of its due presentation to the accepter, and his failure to pay. 3 Kent's Com. 134.

A. GREEN, for Appellee.

The first error assigned by the plaintiff is, that the court erred in admitting in evidence the bill of exchange sued upon, insisting that there is a variance between the said bill of exchange and the declaration. Under the record filed in this court, they cannot avail themselves of this objection, because it was not stated when the bill of exchange was offered in evidence. Their objection was a general one.

A general objection only raises the question of relevancy. Special objections must be stated. *Sargent* v. *Kellogg*, 5 Gilm. 281; *Buntain* v. *Bailey*, decided at January term, 1862, see Record Book, page 268.

The second error insisted on is, that the court erred in admitting Bartholomew Whalon, the payee of the bill and one of the indorsers, to testify as a witness in the case. That question is disposed of in the case of *Rives* v. *Marrs*, which was an action on the same bill of exchange. The court then held that an indorser and payee of a bill of exchange is a competent witness. *Rives* v. *Marrs*, 25 Ill. 315.

BREESE, J. It must be presumed the court below, in deciding the questions in this case, had not before it the opinion of this court in the case of *Rives* v. *Marrs*, 25 Ill. 316, on the same bill of exchange. That suit was brought by the indorsee against the indorser, and this by the indorsee against the drawer of the bill. The bill was payable to Bart Whalon, and in the declaration it is described as payable to Bartholomew Whalon, without any averment that Bart and Bartholomew were one and the same person, or that the former was an abbreviation of the latter. We there said, and again say, we cannot judicially know that the former is an abbreviation of the latter, or that Bart is not a full proper name, hence the variance. It is, however, urged by appellee, that this objection cannot avail here, as it was not specifically pointed out in the court below, the objection there being*to the introduction

of the instrument in evidence on the ground of variance, without stating in what the variance consisted. The cases cited by the appellee show the reason why the objection should be pointed out on the trial, to be that the party may obviáte it if in his power. The reason of the rule does not apply here, as the objection could not be obviated on the trial, the declaration wanting the necessary averments under which to admit the requisite proof.

On the remaining point, the weight of authority seems to be that an indorser is a competent witness for almost all purposes except to impeach the genuineness of the bill, or its payment before suit brought.

The judgment is reversed, and the cause remanded, with leave to the plaintiff to amend the declaration.

*Judgment reversed.*