## AUGUSTUS D. BUTTERFIELD, adm'r etc. *et al.*

*v.*

## TERRIS JOHNSON.

1. WRITS—*sheriff's return.* In a bill in chancery filed against several defendants, one of whom was named Butterfield, the Christian name of Butterfield was spelled therein as "Sylvius,,' and "Sylvanus," and the summons was against "Sylvanus H. Butterfield," and was returned by the sheriff as served on "S. H. Butterfield:" *Held,* that it must be presumed that the writ was served on "Sylvanus," as the defendant named therein, and not on "Sylvius." A sheriff can only know who the defendants are, save by his writ, and the meaning of his return thereon, must be judged by an inspection of the writ as it stood in his hands.

WRIT OF ERROR to the Circuit court of LaSalle county ; the Hon. M. E. HOLLISTER, Judge, presiding.

The facts in this case are sufficiently stated in the opinion.

Messrs. CRAWFORD & BECK, for the plaintiffs in error.

Mr. GEORGE C. CAMPBELL, for the defendant in error.

Mr. JUSTICE LAWRENCE delivered the opinion of the Court:

This was a bill in chancery brought by Johnson against Bird, Clark, Brown and Butterfield, to correct a note in which the word "dollars" had been omitted. In the bill the christian name of Butterfield is spelled sometimes "Sylvius," and sometimes "Sylvanus." In the prayer for process it is spelled Sylvius. The summons was against Sylvanus H. Butterfield, but by leave of the court it was amended, after its return, so as to read Sylvius. The sheriff returned, served by reading and delivering a copy to S. H. Butterfield, and after reciting the service on Clark, adds, "the rest of the defendants not found in this county."

As the summons ran against Sylvanus H. Butterfield, and was returned, served on S. H. Butterfield, the presumption, if any presumption is to be indulged, must be that the service was on a person named Sylvanus, and not on one named Sylvius. It is urged that the reference in the return, to "the rest of the defendants," implies that the S. H. Butterfield named in the return was a defendant. But the Sheriff could only know who were the defendants by his writ, and on inspecting that, he found that Sylvanus H. Butterfield was a defendant. When, then, he speaks in his return of S. H. Butterfield, and "the rest of the defendants," he must have referred to Sylvanus H., who was the only S. H. Butterfield known to him as a defendant. Although where a writ runs against Sylvanus H. Butterfield and is returned, served on S. H. Butterfield, we may presume it was served on Sylvanus, as the defendant named in the writ, yet how can we presume it was served on Sylvius, or on any other person not named in the writ? The summons was afterwards amended, but we must judge of the meaning of the sheriff's return by looking at the writ as it stood in his hands. The return was not amended. The decree must be reversed and the cause remanded.

*Decree reversed.*