## MARY LOUISA KENNEDY

### *v.*

## JOHN W. MERRIAM *et al.*

1. SERVICE—*return showing service on one of different name.* The sheriff made a return upon a summons in chancery, against May Louisa Ismon, that he had served the same upon Mary Louisa Ismon: *Held,* that, in the

absence of proof to the contrary, this court must hold the names to indi-cate two distinct persons, and, consequently, that there was no service on May Louisa Ismon.

2. CHANCERY—*record must show evidence to justify the finding.* Where the court, in its decree, refers to the evidence upon which the facts are found, and it fails to support the finding, the decree will be reversed.

3. Thus, on a creditors' bill to set aside certain conveyances as in fraud of creditors, where the decree recited that the cause was heard upon the bill, answer, replication and exhibits, "and also the proofs taken in the cause, to-wit," naming the record in a partition suit, certain deeds, which were described, a recorded town plat, and then proceeded, "and the court being fully advised, etc., and finding, from the proofs in the case, that the said deeds of conveyance from," etc., to, etc., were made to hinder and delay, etc: *Held,* that, as the decree professed to state the proofs, and there being no proof shown of the fraud, or that there were any creditors at the time of the execution of the deeds, the decree could not be sustained.

4. In chancery causes, it is not to be presumed that any evidence was given in the cause, in the court below, except what appears in the record; and as to infants, strict proof is required, and the record must furnish evidence to sustain a decree against them, whether the guardian answers or not.

WRIT OF ERROR to the Circuit Court of De Kalb county; the Hon. ISAAC G. WILSON, Judge, presiding.

This was a creditors' bill, filed January 22, 1861, by Albert L. Merriam, against George .L. Ismon, May Louisa Ismon, Amos Shepherd and James Meader. The opinion states the frame and object of the bill, and the proceedings had thereon.

Mr. W. S. COY, and Mr. O. T. REEVES, for the plaintiff in error.

Mr. R. L. DIVINE, for the defendants in error.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

On the 22d day of January, 1861, Albert L. Merriam filed a bill in chancery, against George L. Ismon, May Louisa Ismon, Amos Shepherd and James Meader, to have declared void, as fraudulent, and as having been made to defraud

creditors, two certain deeds of two separate parcels of land, from the said George L. Ismon, one to said Shepherd and the other to said Meader, and to have said lands subjected to the payment of a certain judgment which had been recovered by the complainant against George L. Ismon.

The bill alleged that the title to the tract conveyed to Meader had become vested in May Louisa Ismon, by devise, and she was made a party as an infant defendant. The summons was issued against May Louisa Ismon, and returned as served upon May Louisa Ismon. A guardian *ad litem* was appointed by the court for May Louisa Ismon. The guardian *ad litem* answered for Mary Louisa Ismon, and the decree rendered in the case is against Mary Louisa Ismon, setting aside the deed to Meader, as fraudulent, and made to defraud creditors, and ordering the sale of the land conveyed by it, for the satisfaction of the complainant's judgment.

Mary Louisa Ismon having since intermarried with Burt Kennedy, brings this writ of error to reverse the decree.

Nothing is to be presumed against an infant; everything must be proven. We can not say, in the absence of proof, that May and Mary are one and the same person, or that the summons was served on Mary under the wrong name of May. May and Mary are two distinct names, and we must hold them to signify two different persons, in the absence of proof to the contrary, and there is none such in the record. Mary Louisa Ismon, as we must hold, was not served with process, and the guardian *ad litem* had no authority to make answer for her. See *McNulty* v. *Mott*, 3 Cal. 235, and *Butterfield* v. *Johnson*, 46 Ill. 68.

There is a distinction between the present case and that of *Pond* v *Ennis*, 69 Ill. 341, in this: there, the question arose collaterally, and distinct proof was made of the person who was actually served, and that the real party was served under the wrong name; whereas, here, there is no proof in the record that Mary was the person served, and nothing to show

what person was served, besides the return of service upon the summons.

It is insisted, further, that the record does not contain evidence which is sufficient to sustain the decree. The record contains no evidence except what appears from the recitals of the decree. It recites that the cause came on to be heard upon the bill of complaint, taken as confessed by the defendants, Meader and Shepherd; the answers, replication and exhibits, and also the proofs taken in the cause, to-wit, naming the record and proceedings in a certain partition suit —certain deeds, describing them—a certain recorded town plat—the judgment described in the bill—and then proceeds, "and the court being fully advised in the premises, and finding, from the proofs in the case, that the said deeds of conveyance from said defendant, George L. Ismon, and wife, to the said James Meader and Amos Shepherd, were made and contrived for the purpose and with the intent to hinder, delay and defraud the complainant, a creditor of said George L. Ismon, in the collection of his debt and demand against said Ismon, and that said deeds were made without any consideration whatever. It is, therefore, ordered, adjudged and decreed," etc.

The exhibits were only copies of the deeds. As we understand the decree, it professes to state the proofs upon which the finding was had. When the court, in the decree, refers to the evidence upon which the facts are found, and it fails to support the finding, this court will review the finding and reverse the decree. *Preston* v. *Hodgen*, 50 Ill. 56.

In chancery causes, it is not to be presumed that any evidence was given in the cause, in the court below, except what appears in the record; and as to infants, strict proof is required, and the record must furnish evidence to sustain a decree against them, whether the guardian answers or not. *Reddick* v. *President, etc., State Bank Ills.* 27 Ill. 146. The proofs recited do not support the findings of the decree.

They do not show the conveyances to have been fraudulent, nor that there were creditors at the time they were made, the deed to Meader appearing, from its date, to have been executed January 1, 1858, and the judgment rendered October 4, 1859.

The decree, as to Mary Louisa Ismon, is reversed, and the cause remanded for further proceedings.

*Decree reversed in part.*