## THE STATE v. JOHN ROBERTSON.

COURT OF APPEALS, AUSTIN TERM, 1882.

*Local option—Revocation of liquor license.—*In a prosecution for violation of the local option law, the defense was that the defendant, having purchased an occupation license to sell intoxicating liquors for twelve months, and having paid the tax therefor, the State has no power by law to revoke the license; and that if it has such power, it can only be exercised in a direct manner by a statutory enactment expressly revoking the license.

*Held,* That the authorities bearing upon the question are conflicting, and it is still an open question, Willson, J., deciding, however, that the weight of authorities sustains the proposition that the Legislature has full control of the subject, and can revoke occupation licenses at pleasure, and that whenever prohibition is declared in any locality it has the effect to revoke all licenses for the sale of intoxicating liquors within that locality; Hurt, J., dissenting.

*Same—Penalty—Repealed act.—*Held, also, that art. 378 of the Penal Code is the law which prescribes the punishment for this offense. The act adopting the Codes repealed sec. 5 of the act of June 24, 1876, which was amended by act of April 17, 1879, making the penalty for this offense fine and imprisonment, and it was error in the court to assess imprisonment as the punishment.

Appeal from County Court, Fannin county.—Opinion by Willson, J.—The defendant is prosecuted by information for violation of the law known as the "local option law." He was convicted, and his punishment assessed at ten days imprisonment in the county jail.

The defendant was a retail liquor dealer, and as such had paid for and obtained his license. While his license was in force the sale of intoxicating liquors was prohibited, under the provisions of the local option law, in the precinct in which the defendant was doing busi-

ness. He disregarded this prohibition, and continued to sell under his occupation license.

The principal question discussed by counsel is whether or not the prohibition of the sale of intoxicating liquors, under the "Local Option Act," could, and did, revoke the occupation license of defendant, so as to render him amenable to the penalty denounced against those who should sell intoxicating liquors within the limits of the district in which prohibition had been established. This question has been very ably and exhaustively discussed by defendant's counsel, and the proposition contended for, and earnestly insisted upon, that the defendant, having purchased an occupation license to sell intoxicating liquors for the period of twelve months, and having paid the tax therefor, the State has no power by law to revoke the license, and that, if it has such power, it can only be exercised in a direct manner, by a statutory enactment expressly revoking the license.

The question is one of much interest and grave importance, and we regret that we have not been able, for want of time, to give it a more searching and thorough examination. The authorities bearing upon it are conflicting, and the question is still an open one.

We are of the opinion that the Legislature has full control of the subject, and can revoke occupation licenses at pleasure, and that the weight of authority sustains this proposition.

We have not the time to spare from other pressing business demanding our attention to enter upon an extended discussion of the positions assumed and so ably argued by the defendant's counsel in their brief. We must content ourselves by citing the authorities upon which we rely to support the view we entertain. They are as follows: Cooley's Constitutional Limitations, 345, and note 2; Buck Pres. Church v. Mayor, etc., 5 Conn., 538; Vanderbilt v. Adams, 7 Conn., 349; State v. Sterling, 8 Mo., 697; Hion v. State, 1 Ohio, N. S., 15; Colder v. Kirby, 5 Gray, 597; Brimmer v. Boston, 102 Mass., 19; State v. Sterling, 8 Mo., 697; Board of Excise v. Barry, 34 N. Y., 657; Pheelan v. Virginia, 8 Howard, 163; Baltimore v. Clunet, 23 Md., 449; Tell v. The State, 42 Md., 71; Com. v. Brennan, 103 Mass., 70; Furleigh v. State, 8 Mo., 606; Toledo R. R. Co. v. Jacksonville, 67 Ill., 37; People v. Commissioners, 59 New York, 92.

We hold that whenever prohibition is declared in accordance with the local option law in any locality, it has the effect to revoke

and render null all licenses for the sale of intoxicating liquors within that locality, and that whoever sells intoxicating liquors within that locality violates the law, notwithstanding he may sell under a license to do so, granted prior to the adoption of the prohibition.

There is another question arising in this case, however, which, because of the view we take of it, will require us to reverse the judgment. The punishment assessed against the defendant was ten days imprisonment in the county jail. This punishment was undoubtedly assessed under authority of an act of the Legislature, approved April 17, 1879, and which took effect ninety days after the adjournment of that session of the Legislature.

The act is entitled, "An act amendatory of an act entitled 'An act to prohibit the sale, exchange or gift of intoxicating liquors in any county, justice's precinct, city or town in this State, that may so elect, prescribing the mode of election, and affixing a punishment for its violation,' approved June 24, 1876."

The Legislature which enacted this law, adjourned on the twenty-fourth day of April, 1879, and hence this act took effect, if it ever did take effect, ninety days from that date. The second section of this act prescribes the punishment for a violation of the "local option law " to be fine and imprisonment in jail. (General Laws, Sixteenth Legislature, ch. 90, sec. 2, p. 100.) This act is amendatory of the act of June 24, 1876, which was the original " local option act."

Article 378 of the Penal Code prescribes the punishment for a violation of the local option act to be fine only. The Penal Code took effect on the twenty-fourth day of July, 1879, the same day on which the act of April 17, 1879, above cited, took effect. The third section of the act adopting the Penal Code and Code of Criminal Procedure, provides: "That all penal laws relating to criminal procedure in this State, that are not embraced in this act, and that have not been enacted during the present session of this Legislature, be and the same are hereby repealed."

This provision, therefore, repealed sec. 5 of the act of June 24, 1876. The act of July 24, 1879, was only amendatory of the act of June 24, 1876, and when the amendment took effect the act amended was no longer a law, because it had been repealed by the act adopting the Codes above quoted, and hence the amendatory act had nothing to support it. A repealed law is not the subject of amendment. It is true that the repealing act and the amending act

both took effect at the same time. The effect of this is, in our opinion, to make nugatory the amending act. It being a part of the repealed act, it cannot exist without it, but must pass away with it. We, therefore, hold that article 378 of the Penal Code is the law which prescribes the punishment for this offense, and that it was error in the court to assess imprisonment as the punishment; and because of this error the judgment is reversed and the cause remanded.

Hurt J.—I concur in reversing the judgment in this case. But I do not concur in the opinion in so far as it holds that the operation of the local option act, when adopted in a locality, has the effect to revoke licenses previously granted. I hold that an act of the Legislature cannot have this effect unless it contains an express provision revoking such licenses.