CLOUGH & a. v. CURTIS.

62    409
67    197

Subsequent attaching creditors may take advantage of a material alteration
of the writ after service, upon a motion to dismiss made after the time
for filing a plea in abatement has expired.

ASSUMPSIT.   The writ as originally drawn appeared to com-
mand the officer " to attach the goods or estate of John W. Curtis
and            Spiller, both of Manchester in said county, traders
and partners under the firm of Curtis & Spiller, to the value of
three hundred dollars, and summon them," &c.   The writ was al-
tered by erasures with a pen and by interlineations, so that it com-
manded the officer " to attach the goods or estate of John W. Cur-
tis, of Manchester, in said county, trader, doing business under the
firm of Curtis & Spiller, to the value of three hundred dollars, and
summon him," &c.

The defendant was defaulted.   Subsequent attaching creditors
appeared, and moved to dismiss the action because of the foregoing
alterations, and offered to show by evidence *aliunde* that they
were made after the service of the writ.   There was nothing in
the writ or record to show when the alterations were made.   The
plaintiffs objected that such evidence was not admissible on a mo-
tion to dismiss.   The motion was denied, and the creditors except-
ed.   They then moved for leave to plead in abatement, but the
time for filing such a plea having expired, the motion was denied,
and they excepted.

*W. J. Copeland*, for Hill and others, subsequent attaching cred-
itors.

*C. R. Morrison* and *J. H. Andrews*, for the plaintiffs.

SMITH, J.   A subsequent attaching creditor is not admitted to
defend a suit in the name of his debtor as a matter of right.   When
it is said, as it sometimes has been, that his admission is discre-
tionary with the court (*Reynolds* v. *Damrell*, 19 N. H. 394), the
meaning is that he is admitted when the fact is duly found that
justice requires his admission.   He is not allowed to come in for
the purpose of pleading in abatement, or to avail himself of mere
matters of form, but to prevent the property of the debtor from
being diverted from his creditors.   And when the objection is one

of substance, especially if it be one which the subsequent attaching creditor might take advantage of after judgment, as if there be no such person *in esse* as the plaintiff, he will, on a motion to dismiss the action accompanied by the necessary proof, be heard. *Kimball* v. *Wellington*, 20 N. H. 439.

A writ cannot be altered after service without leave of court. The alteration in this case was material. Without it, the plaintiffs upon the trial would have been obliged to prove the partnership and a promise by the firm. If it was made after service, and fraudulently made, it was a forgery.    G. L., *c.* 276, *s.* 1; *Commonwealth* v. *Mycall*, 2 Mass. 136.    If fraudulently made by the plaintiffs, it rendered the suit void, both upon principle and authority.    *Burrows* v. *Stoddard*, 3 Conn. 436; *Starr* v. *Lyon*, 5 Conn. 538.

There is no reason why a plaintiff who fraudulently alters his writ should stand any better in respect to that instrument than a creditor who fraudulently alters his debtor's promissory note, and who, it is well settled, cannot recover upon the note itself, nor upon the original consideration for the note.    *Smith* v. *Mace*, 44 N. H. 553, 558.    When the attention of the court is called to an apparent alteration or mutilation of its record in any form, the matter is investigated, and the law does not allow a party to prosecute to judgment a writ fraudulently altered or forged by the plaintiff, whether the defendant objects or not.    For the rule in this jurisdiction on the subject of a misuse of blank writs, see *Dearborn* v. *Twist*, 6 N. H. 44; *Lovell* v. *Sabin*, 15 N. H. 29, 37; *Kidder* v. *Prescott*, 24 N. H. 263; *Hanson* v. *Rowe*, 26 N. H. 327; *Eastman* v. *Morrison*, 46 N. H. 136; *Parsons* v. *Shorey*, 48 N. H. 550; *Stevens* v. *Fuller*, 55 N. H. 443; *Kinne* v. *Hinman*, 58 N. H. 363.

What the effect of the alleged alterations, if made, would have upon the attachment, or whether, if made by leave of court, the attachment would be postponed to that of the subsequent attaching creditors, are questions not necessary to be considered, and upon which no opinion is expressed.

The subsequent attaching creditors moved to dismiss, and offered to show by evidence *aliunde* that the alleged alterations were made after the service of the writ.    The evidence should have been received.

*Exceptions sustained.*

STANLEY, J., did not sit: the others concurred.