EDWARD C. MOORE v. JONATHAN C. DAVIS, SERENO W. INSLEE, GARNISHEE, AND WILLIAM J. GRAHAM, INTERVENING CLAIMANT.

*Amendments—Change in given name.*

Jonathan and John are not in contemplation of law the same; and an amendment of proceedings in garnishment so as to substitute one for the other in the name of the principal defendant cannot be sustained as against an intervening claimant whose rights were acquired in good faith before the amendment was made.

Error to Wayne. (Chambers, J.) June 3.—Sept. 29.

Garnishment proceeding. An intervening claimant brings error. Reversed.

*William J. Gray* for appellant. Amendments should not be permitted when they would destroy or impair the rights which third persons have acquired without notice: Herm. Executions 56; *Davidson v. Cowan* 1 Dev. 304; *Bank v. Williamson* 2 Ired. 147; *Williams v. Sharpe* 70 N. C. 582; *Foster v. Woodfin* 65 N. C. 29; *Ohio L. & T. Co. v. Urbana Ins. Co.* 13 Ohio 220; cases of amendments held void or disallowed as to subsequent proceedings: *Putnam v. Hall* 3 Pick. 445; *Denny v. Ward* id. 199; *Peck v. Sill* 3 Conn. 157; *Drew v. Bank* 55 Me. 450; *Whitney v. Brunette* 15 Wis. 69; *Greenvault v. F. & M. Bank* 2 Doug. (Mich.) 514; *Emerson v. Upton* 9 Pick. 167; *Hovey v. Wait* 17 Pick. 196; *Milliken v. Bailey* 61 Me. 316; *Dutton v. Simmons* 65 Me. 583; *Flood v. Randall* 72 Me. 439; *Witte v. Meyer* 11 Wis. 295; *Means v. Osgood* 7 Greenl. 146; *Howard v. Turner* 6 Greenl. 106; *Berry v. Spear* 13 Me. 187; *Ligon v. Rogers* 12 Ga. 281; *Shirley v. Phillips* 17 Ill. 471; *President &c. v. Seymour* 14 Johns. 219; *Zimmerman v. Briggans* 5 Watts

186; *Sale v. Compton* 1 Wils. 61; *Terry v. Sisson* 125 Mass. 560; *Bell v. Hall* 2 Duv. 288; Waple's Garnishment 105; *Freeman v. Nichols* 116 Mass. 309; *McCormick v. Wheeler* 36 Ill. 120; notice lis pendens applies to personalty as well as realty and in law as well as at equity: Freeman on Judgments § 199; *Murray v. Ballou* 1 Johns. Ch. 566; *Murray v. Lylburn* 2 Johns. Ch. 441; *Diamond v. Lawrence County* 37 Penn. St. 353; when amendment is made the notice lis pendens dates therefrom: *Clarkson v. Morgan* 6 B. Monr. 441; where a new party is added a new lis pendens is needed: *Curtis v. Hitchcock* 10 Paige 399; *Kellogg v. Fancher* 23 Wis. 21.

*George W. Bates* for appellee, cited in support of the right to amend: *McLaughlin v. Wilks* 42 Mich. 553; *Parks v. Barkham* 1 Mich. 95; *Merrill v. Kalamazoo* 35 Mich. 211; *Barber v. Smith* 41 Mich. 138; *Kimball &c. Co. v. Vroman* 35 Mich. 318; *Johr v. Supervisors* 38 Mich. 532; if a writ is served on the party intended to be sued, by a wrong name, and he fails to appear and plead the misnomer in abatement and suffers judgment to be obtained, he is concluded and in all future litigation may be connected with the suit or judgment by a proper averment: Freeman on Judgments § 154; *National Bank v. Jaggers* 31 Md. 38: *Lafayette Ins. Co. v. French* 18 How. 409; *Smith v. Bowker* 1 Mass. 76; *Oakley v. Giles* 3 East 167; *Smith v. Patten* 6 Taunt. 115; *Crawford v. Satchwell* 2 Strange 1218; *Guinard v. Heysinger* 15 Ill. 288; and when such averments are made and proven, the party intended to be named in the judgment is affected as though he was properly named therein: *Bennett v. Libhart* 27 Mich. 489; and an intervening claimant not affected cannot complain of this amendment: *Frederick v. Mecosta Judge* 52 Mich. 529; *Owners &c. v. Hale* 1 Doug. (Mich.) 313; *Lyman v. Becannon* 29 Mich. 466; *Kenyon v. Woodward* 16 Mich. 331; *Cook v. Perry* 43 Mich. 625; the indebtedness of the garnishee to the principal defendant, though misnamed, can be shown: *Fearey v. Cummings* 41 Mich. 379; *Farrington v. Sexton* 43 Mich. 454; *Cummings v. Fearey* 44 Mich. 39.

SHERWOOD, J. In a cause entitled as above a judgment was rendered in favor of the plaintiff and against the garnishee defendant for the sum of $71.25, with costs to be taxed, in the circuit court for the county of Wayne, on the

12th day of January, 1885. William J. Graham, the intervening claimant, brings the case into this Court by writ of error.

On December 12, 1883, defendant Inslee was indebted to defendant Davis in the sum of $71.25, and on that day the plaintiff commenced suit against John C. Davis, as a nonresident, under the provisions of How. Stat. § 8087, and summoned Inslee as garnishee of the principal defendant. The writ of garnishment was served upon Inslee on the day it was issued. The notice and papers required by the statute were served on Jonathan C. Davis on January 16, 1884, in Madison, Indiana. No appearance was entered, and on November 9, 1884, judgment by default was rendered for $1110.99 against the principal defendant, still named as John C. Davis. On February 4, 1884, Jonathan C. Davis sold to William J. Graham, the appellant, his claim against Inslee. At the time of this purchase Graham had no knowledge of the proceedings against John C. Davis, and paid full value for the claim in good faith. On November 19, 1884, Graham, under the provisions of How. Stat. § 8085, was granted leave to intervene for his rights to the debt due from Inslee, and participated in the trial. On December 28, 1884, upon the ex parte motion of the plaintiff the proceedings in the principal cause were amended by inserting the name Jonathan C. Davis for John C. Davis. On January 5, 1885, the proceedings in the garnishment cause were amended by a similar change. The court rendered judgment in favor of the plaintiff against the garnishee defendant for the $71.25 admitted to be due, allowed the latter a fee of thirty dollars, and ordered the appellant to pay an attorney's fee of twenty-five dollars and the entire costs of the garnishment proceedings.

The appearance of the appellant by intervention is comparatively new practice. See *Williams v. Pomeroy* 27 Minn. 85; *Kirby v. Corning* 54 Wis. 599; *McMahon v. Austin* 22 N. W. Rep. 543. The appellant has the same rights as if he had sued the garnishee defendant in a separate action, and this proceeding is manifestly to the garnishee's

advantage, because everything is decided in one suit. The right of appeal is likewise preserved to the claimant, because he is precluded, after appearing, from suing the garnishee defendant: Drake on Attachment § 530; and he certainly is entitled to have his rights passed on by this Court.

The record raises two questions: *First*, the validity of the amendment to the proceedings as against the appellant; *second*, the power of the court to impose costs upon the appellant in the manner specified. The disposition of the first question renders the consideration of the second unnecessary.

The rights of the plaintiff and intervening claimant alone are before us for review. The cause was tried by the circuit judge without a jury, who made the following finding of facts, viz.: "That on the 4th day of February, 1884, in Madison, Indiana, the said intervening claimant purchased from the said principal defendant the said debt or claim against the said garnishee defendant, and at the time of the said purchase the said intervening claimant had no knowledge of the proceedings in this cause, and paid full value for the same in good faith, and the same was duly assigned to said intervening claimant, though the said principal defendant was, prior to that date, fully informed of the existence of such proceedings, and knew that the same were designed to reach said indebtedness." If the intervening claimant Graham had examined the records in Wayne county circuit court at the time he made his purchase of the claim against Jonathan C. Davis, he would have found no lien thereon in favor of the plaintiff, or any other person, so far as appears by the record in this case, unless it shall be held that John is the same as Jonathan, and when used in legal proceedings means the same person, and this I do not understand to be the law. *Kennedy v. Merriam* 70 Ill. 228; *Garrison v. People* 21 Ill. 535; *Curtis v. Marrs* 29 Ill. 508; 1 Chit. Pl. 246.

The general doctrine is that no amendment should be permitted the effect of which would be to destroy or diminish the rights of third parties who are interested in the result

of the issue, when such rights have been acquired bona fide without notice by record or otherwise. Herman on Executions 56; *Davidson v. Cowan* 1 Dev. (N. C. L.) 304; *Bank v. Williamson* 2 Ired. (N. C. L.) 147; *Williams v. Sharpe* 70 N. C. 582; *Foster v. Woodfin* 65 N. C. 29; *Ohio L. & T. Co. v. Urbana Ins. Co.* 13 Ohio 220; *Putnam v. Hall* 3 Pick. 445; *Denny v. Ward* 3 Pick. 199; *Peck v. Sill* 3 Conn. 157. Our statute of amendments was intended to protect and preserve rights, not to lessen or destroy them. The intervenor took his interest after the service of the writ of garnishment, and prior to the amendment of the declaration and other proceedings in the case. The amendment could not affect his interest under the assignment of the claim, whatever might be the effect upon the other parties.

It is true that the question of costs is somewhat discretionary with the court in this class of cases, but in making the award thereof some equitable rule of adjustment should be observed, and did we feel at liberty to pass upon that question now, it might be found difficult to sustain the judgment for the amount given against the appellant.

The judgment against the garnishee must be reversed and the proceedings in the garnishee suit dismissed, and the appellant will be allowed to recover his costs against plaintiff.

COOLEY, C. J. and CAMPBELL, J. concurred.