NATHAN LORIE, Respondent, v. J. B. ABERNATHY, Appellant.

Kansas City Court of Appeals, June 3 and November 4, 1895.

1. **Attachment:** CORPORATION: MISNOMER: PRIORITIES. Appellant brought suit by attachment against M. A. Wing, etc., Co., the wrong name. Respondent subsequently brought attachment against The Wing, etc., Co., the correct name. *Held,* respondent's attachment has priority. ˌCases cited and discussed.

2. **Appellate Practice:** ABSTRACT. The abstract in this case is not sufficient for review of any question, except the one above passed upon, if sufficient for that.

*Appeal from the Jackson Circuit Court.*—HON. JNO. W. HENRY, Judge.

AFFIRMED.

*Downs, Morrin & Barnes* for appellants.

(1) Personal service had and no charge of fraud, only jurisdictional questions can be raised by this motion. *Bank v. Steinburg,* 44 Mo. App. 401; *Rudolf v. McDonald,* 6 Neb. 165. (2) Misnomer is not a jurisdictional question. *Peterson v. Little,* 74 Iowa, 223; *Railroad v. Burriss,* 82 Ind. 83; *Ins. Co. v. French,* 18 Howard (U. S.) 409; *Bank v. Joggers,* 31 Md. 38; 1 Freeman on Judgments [Ed. 1892], par. 154; *Perry v. Woodson,* 33 Mo. 347; *Weber v. Ebling,* 2 Mo. App. 15; *Hoffield v. Board of Education,* 33 Kan. 644; *Waldorp v. Leonard,* 22 S. C. 118; *Schoeffer v. Brewing Co.,* 4 Mo. App. 115. (3) This is the same defendant in all suits, or this motion is not authorized. 1 R. S. 1889, sec. 570. (4) A subsequent attaching creditor can stand in no better position than defendant. *Ward*

*v. Howard*, 12 Ohio St. 158. (5) "Misnomer of corporation in pleading has the same legal effect as a misnomer of an individual." 1 Morawetz on Corporations [2 Ed.], par. 355. (6) The default by defendant does not change the rule. *Schoefer v. Brewing Co.*, 4 Mo. App. 115.

*Grant I. Rosenweig* for respondent.

Misnomer may not be a jurisdictional question, and yet not affect this case. Confining ourselves to the case at bar, the misnomer, such as took place in this case, is fatal, whether that fatality be jurisdictional, legal, equitable, founded on subsequent rights, or pure negligence. Am. and Eng. Encyclopedia, "Name," p. 135, and cases cited; also 107, note p. 141, and cases cited; *Robson v. Thomas*, 55 Mo. 581; *Swearzy v. Nettles*, 2 Mo. 6; *Chamberlain v. Blodgett*, 96 Mo. 482; *Troyer v. Wood*, 96 Mo. 478; *State v. Curran*, 18 Mo. 320; *Whelan v. Weaver*, 93 Mo. 431; *Skelton, v. Sackett*, 91 Mo. 377; *Steinman v. Strimple*, 29 Mo. App. 484; *Hirsch v. Weisberger*, 44 Mo. App. 506; *Crane Co. v. Specht*, 57 N. W. Rep. 1015; *Dutton v. Simmons*, 20 Am. Rep. (Me.) 729; *Bank v. Mudel*, 32 Mo. 218; *Brown v. Terre Haute*, 72 Mo. 567; Drake, Attach., sec. 262; Beach on Corporation, sec. 375, citing 20 Kan. 440; 32 N. H. 470; 22 Minn. 372; 3 Lev. 237; *Woods v. Reynolds*, 7 W. & S. 406; *Terry v. Sisson*, 125 Mass. 560; *Parker v. Parker*, 146 Mass. 321; 2 Coldw. (Tenn.) 298; *Black v. Dobson*, 11 S. & R. 97; *Crutcher v. Commonwealth*, 6 Whart. 349; *Hutchison's Appeal*, 92 Pa. St. 187; *King v. Ranfeld*, 33 Cal. 318; *McCormick v. Wheeler*, 30 Ill. 120; *Ranick v. Butterfield*, 64 Am. Dec. 318; *Peck v. Sill*, 3 Conn. 157.

ELLISON, J.—A corporation known as the Wing Furniture Company was indebted to a large number of

creditors in various sums. These creditors, at various times (though near together), sued out attachments and had them levied in the manner provided by statute, on the property of such corporation. But in bringing these suits and taking out these attachment writs, and levying on the property, many of these creditors did not use the name of the corporation. Some brought their suits properly against the Wing Furniture Company; others brought theirs against the M. A. Wing Furniture Company; while others brought theirs against the M. A. Wing Furniture and Auction Company. The appellant, Abernathy, sued and levied his attachment upon property of the M. A. Wing Furniture and Auction Company. The respondent, Lorie, afterward sued and had his attachment levied in the correct name. The present controversy arises on a consolidation of these various actions, and in determining priorities of the attachments. The trial court gave judgment, giving Lorie's later attachment priority over Abernathy's earlier attachment, and the latter appeals.

Abernathy should have sued the corporation by its legal name. He sued it under the name of the M. A. Wing Furniture & Auction Company, instead of the Wing Furniture Company, the true name. Respondent Lorie's suit was brought and the attachment levied against the corporation by its proper name, and was, therefore, properly allowed priority over Abernathy's, notwithstanding the latter's levy was prior in point of time. The reason for this is that, as to *third parties*, Abernathy's attachment was not an attachment against the attachment debtor. His attachment was against some other entity. If Abernathy and Lorie had been creditors of A and Abernathy had by mistake sued B and attached A's property as that of B, his attachment could not be allowed priority over a later

attachment by Lorie against A. Lorie instituted his action and went to expense, in reliance upon the record fact that there was no attachment lien in favor of Abernathy against the Wing Furniture Company, and we must hold him entitled to priority.

The principle we here state has been applied in a variety of cases. A writ was made out against S. S. and a bank summoned as garnishee. The writ was intended to be against S. F. S. and was served on S. F. S. The bank paid to S. F. S. the money in its possession, and was held not to be chargeable under the writ against S. S. *Terry v. Sisson*, 125 Mass. 560.

So it was held that an amendment of proceedings in garnishment so as to substitute the name of Jonathan for John, as the name of the principal defendant, can not be allowed as against an intervening claimant whose rights were acquired before the amendment was made. *Moore v. Graham*, 58 Mich. 25.

The case of *Peck v. Sill*, 3 Conn. 157, we regard as applicable to this case. In that case the plaintiff sued out an attachment against William Hall and —— Robbins, describing them as the firm of Hall & Robbins. On this attachment, real estate was attached as the property of Hall. Afterward, on the same day, the defendant attached the same land as the property of Hall. The plaintiff amended his writ against Hall & Robbins by striking out Robbins and making it a process against William Hall only. It was held that, as against defendant's later attachment, plaintiff's earlier attachment was dissolved; since, by the amendment, a different party was introduced. That an attachment against the M. A. Wing Furniture & Auction Company is not an attachment against the Wing Furniture Company is evident from the mere statement.

By way of illustration of the point involved, we refer to *Crane Co. v. Specht*, 39 Neb. 123; *Farnham v. Hildreth*, 32 Barb. 277.

2. The abstract, presented to us does not place before us necessary matter to enable us to decide some questions presented. The case before us is between Abernathy and Lorie only. As to these, we are of the opinion, as before stated, that Lorie was properly allowed priority. Whether Lorie should have been postponed to other creditors, we can not say from the record. We have, no right to adjudicate the rights of other creditors, who have not been brought before us by this appeal. We have doubted whether there was sufficient in the abstract to permit an investigation of the merits of the appeal as to Lorie alone, much less as to the other attaching creditors. We, have no pretense of an abstract as to any other than Lorie. A list of attachment papers and records in different cases are referred to in evidence, but are nowhere set out. There is nothing upon which we could take any further action and it is doubtful if we should have gone as far as we have.

The judgment of the court is affirmed. All concur.