## McCORMICK HARVESTING MACHINE COMPANY V. CORNELIUS REGIER.

FILED APRIL 8, 1898. No. 7993.

1. **Guaranty.** Evidence examined, and *held* to sustain the finding of the district court.

2. ———. A guarantor is entitled to stand upon the letter of his contract. His guaranty is not to be extended by a strained construction or an unnecessary implication from the language used. His liability must be found in the very language of his agreement or it will not exist.

ERROR from the district court of York county. Tried below before BATES, J. *Affirmed.*

*George B. France*, for plaintiff in error.

*Gilbert Bros., contra.*

RAGAN, C.

The McCormick Harvesting Machine Company has filed here a petition in error to review a judgment of the district court of York county dismissing a suit brought by it in that court against Cornelius Regier.

On February 14, 1893, the machine company and one Isaac Regier entered into a contract in writing in and by which Isaac Regier was appointed agent of the machine company to sell its harvesting machines, twine, binder trucks, bundle carriers, flax dumps, and machinery repairs for a certain time in a certain territory. Isaac Regier was to make sales of the property furnished him by the machine company at prices to be fixed by the latter, and might sell the property either for cash or on credit, but if he sold on credit, he was to take the notes of responsible parties, and, in short, when called upon, was to pay the company for all property furnished him either in cash or by the notes of responsible persons to whom he had sold. On the date of the execution of this contract be-

tween the machine company and Isaac Regier, Cornelius Regier executed in writing and delivered to the machine company the following: "I hereby guaranty * * * the fulfillment of the within contract and the payment of all obligations arising under the same on the part of the said Isaac Regier." In September, 1893, an accounting took place between Isaac Regier and the machine company, in and by which it was found that the former was indebted to the latter in the sum of $759.09. Isaac Regier having failed to pay the machine company this sum of money, the latter brought this suit against Cornelius Regier to recover it on his guaranty. In the accounting had between Isaac Regier and the machine company the former was charged with $830 for twine, which the machine company had furnished Isaac, and which it alleges was furnished in pursuance of the contract entered into between them on February 14, 1893. The contention of Cornelius Regier was that no part of this twine was furnished Isaac Regier by the machine company in pursuance of the contract; that while the twine came into the possession of Isaac Regier, after he entered into the contract with the machine company, it was furnished him by the machine company in pursuance of a contract of sale entered into in December, 1892, prior to the date of the execution of the agency contract. If this twine was furnished by the machine company to Isaac Regier under the agency contract and not accounted for by Isaac; then it was an obligation for which Cornelius Regier bound himself by his guaranty. On the other hand, if the twine was not furnished by the machine company to Isaac Regier in pursuance of such agency contract with him, then Cornelius is not liable for the failure to account for it. That this twine was actually delivered to Isaac Regier after February 14, 1893, and that he has never paid the machine company for it, are undisputed facts. The inquiry is simply one of fact. Was the twine delivered to Isaac Regier by the machine company to be by him accounted for as its agent, or was this twine delivered to Isaac Regier by the

38

machine company in pursuance of an actual sale made thereof by it to him?

The district court found in effect, and the evidence sustains the finding, that this twine was actually sold by the machine company to Isaac Regier on December 29, 1892, and subsequently delivered to him in pursuance of that contract of bargain and sale; and that when it came into his possession it was his property, and that he did not hold it as the agent or bailee of the machine company; in other words, that no part of the twine was delivered to Isaac Regier in pursuance of the contract between him and the machine company. By the contract of purchase between the machine company and Isaac Regier, of December 29, 1892, Isaac Regier agreed on receipt of the twine to pay cash for the same or execute his note for the same, payable to the machine company and due November 1, 1893, with ten per cent interest from that date. It was in pursuance of this contract that the twine came into the possession of Isaac Regier. Another important circumstance which tends to support the conclusion of the district court is that in the contract of agency between Isaac Regier and the machine company the agent was to be paid a commission specified in the contract on machines sold by him, on repairs sold, on binder trucks, bundle carriers, and flax dumps, while the blank in the contract for commission for selling twine is not filled. Cornelius Regier guarantied that Isaac Regier would fulfill his contract with the machine company and pay all obligations he might incur to the machine company under that contract; but he did not guaranty that Isaac Regier would pay the machine company for the twine purchased by him in December, 1892, although it was not delivered until after he became the agent of the machine company.

A guarantor is entitled to stand upon the letter of his contract. His guaranty is not to be extended by a strained construction of, or an unnecessary implication from, the language used; but his liability must be found

in the very language of his agreement, or it will not ex·
ist. (*Crane v. Specht*, 39 Neb. 123.) In the case at bar Cor-
nelius Regier guarantied that Isaac Regier would pay to
the machine company all obligations which he might in-
cur to it under his contract of agency; but this guaranty
cannot be so extended as to render the guarantor liable
to the machine company for anything it had sold and de-
livered to Isaac Regier, but only for such property as
came into his hands as the machine company's bailee and
which he had not accounted for according to his contract.
The judgment of the district court is

　　　　　　　　　　　　　　　　　AFFIRMED.