[Civ. No. 8707. First Appellate District, Division Two.—March 29, 1933.]

AMERICAN TRUST COMPANY (a Banking Corporation), Respondent, v. J. H. JONES et al., Defendants; FRANK WISHON, Appellant.

R. M. Wright and Owen D. Richardson for Appellants.

Fry & Jenkins for Respondent.

STURTEVANT, J.—The plaintiff sued on a promissory note. The trial court made findings in favor of the plaintiff and from the judgment entered thereon Frank Wishon, one of the defendants, has appealed.

On September 26, 1926, the American Bank and the Mercantile Trust Company merged and became the Mercantile Trust Company of California. On December 27, 1926, a decree of court was duly rendered changing its name to American Trust Company. On July 8, 1929, the defendant executed and delivered to that company a note which, among other things, provided as follows:

"*$5,000.00*

"In consideration of the sum of One Dollar to the undersigned in hand paid by Mercantile Trust Company of California, a corporation, created, organized and existing under and by virtue of the laws of the State of California, the receipt whereof is hereby acknowledged, and for divers other valuable considerations, the undersigned—jointly and severally, promise after demand, to pay to the order of said Mercantile Trust Company of California (hereinafter called Bank), at its San Jose Branch, in San Jose, California, in Gold Coin of the United States of America, the balance both of principal and interest due said Bank for or on account of any and all sums of money which the said bank may have heretofore advanced or loaned, or may hereafter advance or loan to J. W. Rowntree (hereinafter called the Borrowers), or which may be drawn from said Bank by the said Borrowers, (or any of them), by check or checks drawn by said Borrowers, (or any of them), or upon promis-

sory notes made by or endorsed by said Borrowers, (or any of them), and held by said Bank, or upon bills receivable, drafts, overdrafts, acceptances, or other evidences of indebtedness, said advances and loans being made at the special instance and request of the undersigned, and upon the faith of this undertaking; and the undersigned hereby authorize said Bank, at any time and from time to time and in such manner and upon such terms, and for such time as it may see fit, to extend or change the time or manner for the payment of said sum or sums of money, or any part thereof, or alter the rate of interest thereon, or to release, sell, substitute, or exchange any security therefor, or to release or substitute endorsers or guarantors therefor, all without any notice to the undersigned or to any of them, and the undersigned hereby agree beforehand that no such change or extension of time or credit or rate of interest, or release, sale, substitution or exchange of security thereof, or release or substitution of endorsers or guarantors shall in any manner affect the liability of the undersigned thereon.

"San Jose, California July 8, 1929.

"FRANK WISHON".

The contract was written by using one of the forms theretofore in use by the Mercantile Trust Company of California. In that document no specific note or notes are mentioned. On May 7, 1931, Jones and Rowntree executed and delivered to the plaintiff a note which, among other things, provides as follows:

"No. 3780                                                   $9,000.00

"San Jose, California, May 7, 1931.

"On or before August 5, 1931, for value received, I or we, jointly and severally, promise to pay to the order of American Trust Company at its San Jose Branch, in San Jose California, the sum of Nine Thousand and no/100—Dollars . . .

"J. H. JONES

"Address Montgomery Hotel          J. W. ROWNTREE".

Invoking the rule of strict construction applicable to contracts of this class, the defendant asserts the contract sued on runs in favor of the Mercantile Trust Company of California, and that this plaintiff may not sue on it. He cites and relies on *Mechanics American Nat. Bank* v. *Rowell*,

(Mo. Supp.) [182 S. W. 989], and *Crane Co.* v. *Specht,* 39 Neb. 123 [57 N. W. 1015, 42 Am. St. Rep. 562]. The first case did not involve a mere change of name, it involved a new and different corporation. The second case is directly in point. However, it is opposed by nearly all of the other authorities (14 C. J. 321, 322). The Supreme Court of Nebraska, the court that rendered it, therefore expressly overruled it in the later case *W. T. Rawleigh Medical Co.* v. *Bunning,* 104 Neb. 179 [176 N. W. 85]. The defendant's contention is not well founded.

■ The next point made by the defendant is that inasmuch as Rowntree only is the principal obligor or debtor whose obligations are covered by the guaranty, it cannot be extended to the debts of Jones nor to the joint obligation of Rowntree and Jones. In making that contention he fails to take into consideration the facts. For many years prior to the execution of the notes in suit the defendant Wishon was the proprietor of the Montgomery Hotel in San Jose and did his banking business with the plaintiff. After he had incurred a debt of $5,000, he made arrangements with Rowntree to take over the hotel and to assume his debt to the plaintiff. As a part of that transaction the guaranty note was executed. Later Rowntree incurred further debts until the entire debt amounted to $9,000. From time to time the debt was renewed by giving new notes and taking up the old ones, but the debt remained unpaid. On May 7, 1931, Rowntree and Jones entered into a contract regarding the hotel and both executed the note in suit. All sums were advanced to and were received by Rowntree. From the time that the latter assumed the debt of Wishon, $5,000, nothing was paid on the principal. Bearing these facts in mind, we turn next to the terms of the guaranty alleged in the complaint. Up to the sum of $5,000 it guaranteed the payment of " . . . *the balance both of principal and interest* due said bank for or on account of any and all sums of money which the said bank may have heretofore *advanced* or loaned or may hereafter *advance* or loan to J. W. Rowntree . . . upon promissory notes made by . . . said borrowers . . . said advances and loans being made at the special instance and request of the undersigned, . . . and the undersigned hereby authorize said bank . . . to substitute any security therefor or to release or substitute en-

dorsers or guarantors thereof . . . '' without affecting the liability of the guarantors. These provisions show that no specific note was secured by the guaranty, but that primarily it secured *advances* made. True, notes were incidentally mentioned, but by the clear terms of the contract the bank was authorized to substitute notes signed by joint makers for notes signed by Rowntree only. No advances were made to Jones and the acceptance by the bank of the joint note instead of a personal note was expressly permitted by the terms of the contract. By no act was the contract of this defendant changed. Therefore he was not released. (Stearns on Suretyship, sec. 132; 1 Brandt on Suretyship, sec. 416; Civ. Code, sec. 2819.) ▮ When, as here, the contract provides in advance for changes, substitutions, etc., they may be made in accordance with the terms of the guaranty and such acts do not release the guarantor. (*First Nat. Bank* v. *Spalding,* 177 Cal. 217 [170 Pac. 407]; 13 Cal. Jur. 117.)

The trial court rendered a judgment in the sum of $9,421.43 against Rowntree and Jones and for $5,000 of that amount it rendered judgment against Wishon.

We find no error in the record. The judgment is affirmed.

Spence, Acting P. J., and Goodell, J., *pro tem.,* concurred.