NEWT BLACK, Appellant, v. ST. LOUIS & SAN FRANCISCO RAILROAD COMPANY, Respondent.

Kansas City Court of Appeals, February 6, 1905.

1. **RAILROADS: Consolidation: Liability.** If two railroads consolidate under section 1059, Revised Statutes 1899, the consolidated company assumes the liabilities of the consolidating companies.

2. ————: ————: **Pleading: Railroad and Railway.** In a pleading where a certain company is called interchangeably "railroad" and "railway" and there is no evidence that there is both a "railroad" and a "railway" company of that name, the terms "railroad" and "railway" are not used descriptive of the distinct corporation, but as descriptive of the thing meant and synonymously.

3. ————: ————: **Lease.** A lease of one railroad to another for a term of 99 years is to all intents and purposes a merger of the two companies.

4. ————: ————: **Evidence.** Evidence that a certain line of road was included in a certain consolidation of railroad under a given lease is held to be too uncertain and insubstantial to sustain a verdict, and an error in permitting a witness to state that it belonged to a certain other railroad company is held harmless.

Appeal from Barton Circuit Court.—*Hon. H. C. Timmonds*, Judge.

AFFIRMED.

*G. H. Walser* for appellant.

(1) The Kansas City, Ft. Scott & Memphis Railway Co. had the power to lease its road to the defendant and turn the management over to defendant according

to the terms of the lease. R. S. 1899, secs. 1061, 1081. (2) The Kansas City, Fort Scott & Memphis Railway having been leased to the defendant, and according to the terms of the lease the defendant having taken control of same and operated same to the exclusion of the out going company it became liable to the obligations of the old company. R. S. 1899, sec. 1059; Kinion v. Railroad, 39 Mo. App. 382; Kinion v. Railroad, 39 Mo. App. 574; Evans v. Bank, 79 Mo. par. 4, p. 186; Thompson v. Abbott, 61 Mo. 176; Hughs v. School Dis. No. 29, 72 Mo. 643; State ex rel. v. Green Co., 54 Mo. 540. (3) Although it may be that defendant only had a trackage right over the line from Arcadia, Kansas, but leased right from Arcadia to Kansas City. The delay at Fort Scott, Olathe and other points between Arcadia and Kansas City will make defendant liable. Cherry v. Railroad, 61 Mo. App. 303.

*L. F. Parker, E. P. Mann* and *J. T. Woodruff* for respondent.

(1) It is very clear that the evidence here does not make out a consolidation as contemplated by this statute. On the contrary, the showing is that the defendant is in partial possession of the road formerly operated by the Kansas City, Fort Scott & Memphis Railroad Company, under a lease, not made by the Kansas City, Fort Scott & Memphis Railroad Company, the company against whom plaintiff makes complaint, but from another company, the Kansas City, Fort Scott & Memphis Railway Company. So the only inference to be drawn is that the company who executed the lease must, in some way or other, have acquired a right to the property from the railroad company which entered into the contract of shipment. (2) The whole evidence, and the inferences to be drawn from it, flatly contradict the idea of a consolidation under the statute, so we take it that the court, so far as this statute is concerned, was

perfectly right in sustaining the demurrer on the ground that the plaintiff did not offer sufficient evidence, or any evidence, that the defendant was liable for the damages complained of by reason of any consolidation. (3) If we should go still further, and assume that the defendant had leased the railroad over which the shipment was made, from the company operating it at the time the transaction was had, this would not, of itself, constitute a consolidation, or impose a duty upon the lessee to pay the debts, or satisfy the demands for the torts of the lessor. 6 Am. & Eng. Enc. of Law, 806; Pullman v. Railroad, 115 U. S. 596; Balsley v. Railroad, 119 Ill. 68, 59 Am. Rep. 787; State v. Vanderbilt, 37 Ohio St. 638.

BROADDUS, P. J.—The plaintiff seeks to recover damages from the defendant for the alleged failure of the Kansas City, Fort Scott & Memphis Railroad to carry certain cars of cattle from Liberal to Kansas City, Missouri, with proper dispatch, which failure it is alleged resulted in their depreciation in value and their arrival in a declining market. It was shown that said transaction was had with said mentioned railroad company on March 18, 1901. The petition was filed May 28, 1903. The first count alleges that in 1901 the Kansas City, Fort Scott & Memphis Railway Company became merged with the St. Louis & San Francisco Railroad Company, by means of which the two roads were consolidated into one company under the name of the latter. The allegations of the second count are substantially the same as in the first count. In order to show the alleged consolidation, plaintiff introduced a paper purporting to be a lease for ninety-nine years from the Kansas City, Fort Scott & Memphis Railroad Company to the defendant of its connecting railroad line. This connection includes the line of the Kansas City, Fort Scott & Memphis Railroad Company from Liberal, Missouri, to Arcadia, Kansas. The remainder

of its line is located in Kansas until it reaches Kansas City. The plaintiff. also introduced the station agent at Liberal, who testified that prior to October 1, 1901, he had been employed by the Kansas City, Fort Scott & Memphis Railroad Company and since that date by the defendant. Other evidence was introduced by plaintiff to sustain his cause of action but as it is practically agreed that the court sustained a demurrer to plaintiff's evidence and instructed the jury to find for the defendant on the ground that plaintiff had not shown the merger and consolidation of the two companies, including the line from Liberal, Missouri, to Arcadia, Kansas, it will be unnecessary to consider that part of the case.

Section 1059, Revised Statutes 1899, provides as follows: "Any two or more railroad companies in this State existing under either general or special laws and owning railroads constructed wholly or in part which when completed and connected in the whole or in the main, are hereby authorized to consolidate in the whole or in the main, and form one company owning and controling such continuous line of road with all the powers, rights, privileges and immunities, and subject to all the obligations and liabilities to the State or otherwise which belonged to or rested upon either of the companies making such consolidation," etc. Under this provision of the statute if the consolidation had been established the defendant assumed the liabilities of the said Kansas City, Fort Scott & Memphis Railroad Company, including that of the plaintiff. But it seems that the court held that the consolidation had not been shown.

The petition in the first place alleges that the shipping contract was made with the Kansas City, Fort Scott & Memphis *Railroad* Company, but in the second place alleges that the merger or consolidation was between defendant company and the Kansas City, Fort Scott & Memphis *Railway,* the difference between the

designation of the two allegations consisting in the use of the word *railway* in the latter instance instead of the word *railroad* as used in the first instance. The contention of the defendant is that the words "railroad" and "railway" are words descriptive of the corporations, therefore, the Kansas City, Fort Scott & Memphis Railroad Company and the Kansas City, Fort Scott & Memphis Railway Company are two distinct corporations. We do not think so. The words are synonymous. They are so used and signify the same thing; and are only descriptive of roads having a bed with ties and rails and other appurtenances over which are propelled cars by steam or other kind of motive power from place to place and in contradistinction to other roads or highways. There is no evidence going to show that there are two distinct railroad corporations—one denominated the Kansas City, Fort Scott & Memphis Railroad Company and the other the Kansas City, Fort Scott & Memphis Railway Company—and in the absence of such showing the presumption is that they are one and the same.

The lease in question was between the defendant and the Kansas City, Fort Scott & Memphis Railroad Company and being for a term of ninety-nine years was to all intents and purposes a consolidation or merger of the two companies. The former was a corporation existing under the laws of Missouri, and defendant was a corporation existing under the laws of the State of Kansas, but both owning at the time of consolidation lines of railroad in this State. In the former opinion we held that the consolidation of the two companies formed a continuous line from Liberal to near the State line at Arcadia, in Kansas, at which last-named point defendant's railroad extended. A motion for rehearing was filed and sustained and the cause was resubmitted for further consideration.

An examination of the purported lease or act of consolidation shows that the defendant obtained con-

trol of, "a line of railroad extending from Kansas City, Mo., in a general southerly direction, by way of Fort Scott, Washburn, Columbus and Baxter Springs, Kansas, and Miami, Indian Territory, to Afton in the Indian Territory." And, "a line of railroad commencing at a point on the aforesaid line of railroad described in the preceding subdivision at Washburn, Crawford county, Kansas, and extending thence in a general southeasterly, southerly and southwesterly direction, by way of Arcadia, Pittsburg and Parsons, Kansas, to Cherryvale in Montgomery county, Kansas. And in all other lines of railroad owned at the time of the execution and delivery of this indenture by the lessor, and the right, title and interest of the lessor in and to other lines of railroad in which the lessor by lease, trackage agreement or operating contract, now has any right, title or interest." This description does not show any line in Missouri of the lessor connecting with defendant's line of railroad at Arcadia, Kansas. It may have been that there was such a line but the evidence did not so show. The evidence of Diamond, the station agent, went to show that formerly the said lessor was operating that part of a railroad from Liberal to Arcadia, Kansas, and that it was then being operated by the defendant. But his evidence fails to show that the Kansas City, Fort Scott & Memphis Railroad Company had any interest in that part of the line. And there is no evidence that defendant is operating the same by virtue of the act of consolidation of the railroad lines of the two companies.

It is to be inferred from the evidence that defendant had some trackage arrangement over the railroad from Liberal to Arcadia, but the evidence tends to show that such arrangement, if it existed, was with the Kansas City, Clinton & Springfield Railroad Company, the supposed owner of the railroad between the two points named. The witness, Diamond, stated that such was the fact. Plaintiff objected to the introduction of this

statement but his objection was overruled by the court. The objection should have been sustained as that was not the proper manner of proving ownership in such instances. The plaintiff's evidence that the consolidation included the line from Liberal to Arcadia was too uncertain and unsubstantial upon which to base a verdict; therefore, said error did not operate to his prejudice as he had no case on his own showing.

With this view of the case it is immaterial whether or not the purported lease was such in fact, or that it was substantially an act of consolidation under the statute; in which latter event defendant would be liable for the obligations of the contracting company, the Kansas City, Fort Scott & Memphis Railroad Company.

Cause affirmed. All concur.