GEORGE W. WRIGHT, Appellant, v. KANSAS CITY, FT. SCOTT & MEMPHIS RAILWAY COMPANY et al., Respondents.

Kansas City Court of Appeals, February 21, 1910.

1. ATTORNEY'S LIEN: Client Agreeing not to Settle: Contract Legal: Illegal Provision: Separable Contract. Plaintiff as attorney for one Eudaley brought suit against the Kansas City, Ft. Scott & Memphis Railroad Company claiming $20,000 for personal injuries. Plaintiff had a contract with Eudaley by which Eudaley agreed to pay plaintiff one half of the amount recovered by suit or compromise, and he further agreed not to settle his suit without plaintiff's written consent, and

that in case Eudaley did settle without such consent Eudaley was to pay plaintiff a sum equal to one-half the amount claimed in the petition therein. Pending suit said defendant merged with the St. Louis & San Francisco Railroad Company which was made a party defendant therein. Thereafter Eudaley settled his cause of action without his attorney's knowledge, and executed a release for the recited consideration of $500. Plaintiff filed this action to enforce his lien, claiming that the amount actually paid Eudaley was $1,180 and that the defendants had paid him on account of his fee but $250. Demurrer was filed to plaintiff's petition and sustained. Plaintiff stood on his demurrer; judgment was rendered against him and he appealed. *Held*,

*First.* The provision in the contract between plaintiff and Eudaley that Eudaley would not settle his cause of action without the written consent of plaintiff did not make that contract void.

*Second.* That part of the contract in which Eudaley agreed that if he settled his cause of action he would pay plaintiff one-half the amount claimed in his petition was separable from the other parts of the contract. The legality of that part of the contract could be called in question only by Eudaley in case plaintiff sought to enforce it against him.

2. **RAILROAD CORPORATIONS:** Consolidation: Liability. Section 1059, Revised Statutes 1899, provides that the consolidation of railroad companies shall impose on the consolidated company all the liabilities which belonged to the companies making the consolidation.

Appeal from Jackson Circuit Court.—*Hon. Walter A. Powell,* Judge.

Reversed and remanded.

*George H. English, Jr.,* for appellant.

(1) The contract of the attorney and client is not void on the grounds of public policy, because it prohibits settlement without the attorney's consent. Laws of Missouri, 1901, p. 46; Beagles v. Robertson, 135 Mo. App. 306; Lipscomb v. Adams, 195 Mo. 530; Young v. Transit Co., 109 Mo. App. 235; Curtis v. Railroad, 118 Mo. App. 345. (2) Because a contract contains a penalty against its violation, the whole contract is not rendered void. Lawson on Contracts (2 Ed.), sec.

486; Sutherland on Damages (3 Ed.), sec. 283; 13 Cyc. 89; Boulware v. Crohn, 122 Mo. App. 571. (3) After consolidation, the consolidated road is liable for the debts of the companies making such consolidation. R. S. Mo. 1059; Kinion v. Railroad, 39 Mo. App. 581; Springfield, etc., Co. v. Hobart, 98 Mo. App. 237.

*W. F. Evans, Dana, Cowherd & Ingraham* and *Arthur H. Morse* for respondent.

(1) The contract between attorney and client was invalid and would not support a lien. Snyder v. Telegraph Co., 190 N. Y. 66, 82 N. E. 745; Kansas City etc., Co. v. Service, 77 Kan. 316; Railroad v. Ackley, 171 Ill. 100, 49 N. E. 222; Davis v. Webber, 66 Ark. 190, 49 S. W. 822; Huber v. Johnson, 68 Minn, 70 N. W. 806; Weller v. Railway, 68 N. J. Eq. 659, 61 Atl. 459; Davis v. Chase, 159 Ind. 242, 64 N. E. 88. (2) Respondent, the St. Louis & San Francisco Railroad Company, was not a defendant in the original suit and therefore under the words of the statute is not liable in this action.

BROADDUS, P. J.—This is a suit to enforce an attorney's lien for his fee.

The action is based on the following contract:

"I hereby employ George W. Wright, attorney to prosecute my claim against the Kansas City, Fort Scott and Memphis Railroad Company, for injuries sustained by me on or about the 10th day of June, 1901, and I hereby agree to pay said attorney for his services a sum equal to fifty per cent of the amount recovered, either by suit or compromise. I further agree not to settle, compromise or otherwise dispose of said cause of action without the written consent of said attorney; and in case I dismiss, compromise or settle without such consent, any suit brought by him for me, I agree to pay said attorney for his services therein a sum equal to one half of the amount claimed as damages in the petition.

It is further agreed that said attorney shall not compromise or settle said cause of action or any suit brought thereon without my consent.

"Dated the 3d day of July, 1901.

"HARRY T. EUDALEY."

The plaintiff commenced suit in Jackson county circuit court against said company in favor of the said Eudaley where he claimed damages for his injuries in the sum of $20,000. Afterwards there was a merger of said company with the St. Louis and San Francisco Railroad Company and the latter was also made a party to the action. Afterwards a trial was had and plaintiff recovered judgment against said defendants in the sum of $13,000. Afterwards on appeal to the Supreme Court the judgment was reversed and cause remanded for a new trial.

On the 1st day of August, 1905, the St. Louis and San Francisco Railroad Company without plaintiff's consent compromised and adjusted the claim of said Eudaley for his alleged damages for the expressed consideration of $500, and obtained from him a writing whereby he released and discharged the two companies from any and all liabilities on account of his said injuries. It is alleged, however, as a matter of fact that they paid him the sum of $1180 in said compromise.

The plaintiff gave to defendants due notice of his contract and of his lien for a fee as provided by the statute. It is admitted in the petition that defendants have paid him the sum of $250. He claims that he is entitled to a sum equal to $1180, the amount paid by defendant on said compromise less said $250 already paid.

The St. Louis and San Francisco Railroad Company demurred to plaintiff's petition for the reason that it did not state a cause of action, which the court sustained. The plaintiff stood on his petition whereupon judgment was rendered in favor of said railroad company, from which plaintiff appealed.

The demurrer goes to the validity of the contract, because of the provision therein that the plaintiff Eudaley could not settle or compromise his cause of action without the written consent of his attorney.

The question has been determined by both the Supreme Court and the St. Louis Court of Appeals. We quote from a case decided by the former: "A contract by which attorneys are employed to recover land by suit, and stipulating that they are to have one-half of the land recovered, and in which the client agrees not to compromise the suit or claim without their consent and approval, may or may not be unlawful, according to the circumstances of the case. And in this case where the client compromised with her adversaries after suit was brought, and in which, as a result of that compromise, defendant is withholding from plaintiffs under a deed from the client one-half of the land to which they would have been entitled had not that compromise been made, it is held that the contract not to compromise without their approval was lawful." [Lipscomb v. Adams, 193 Mo. 530.] The defendant contends that this case is not in point, but we fail to see any distinction in principle under the facts.

The holding of the St. Louis Court of Appeals is that: "Where an attorney has a contract for a percentage of the proceeds of the suit or settlement of the same, a stipulation in such contract that the client would make no compromise unless the attorney consented to it, is not void as against public policy, in the absence of any facts tending to impeach the good faith of the attorney making such contract." [Beagles v. Robertson, 135 Mo. App. 306.] The petition contains no recitation that tends to show that there was any fraud or misconduct on plaintiff's part whereby his client was induced to enter into the contract, in the absence of which we must assume there was none.

And it is said in Lipscomb v. Adams, *supra*, that such agreements may or may not be condemned as

against public policy according to the circumstances of the case; and that each case must be judged in the light of its own facts. As we understand from the two decisions, such contracts are not absolutely void because they prohibit clients from settling their cases without the consent of their lawyers, but may become so by reason of the attendant circumstances.

The courts of other States generally hold that such contracts are against public policy.

It is further insisted as the St. Louis and San Francisco Railroad Company was not a party to the original suit, it is not liable under the language of the statute.

Section 1059, Revised Statutes 1899, in providing for the consolidation of railroad companies, declares that the effect of such consolidation is to impose upon the consolidated company all the obligations and liabilities which belonged to or rested upon either of the companies making the consolidation. This statute was construed in Kinion v. Railroad Co., 39 Mo. App. 574, where it is held that "so far as regards any right of action that existed against either of the corporations prior to their being so united, the effect of a consolidation is not more than a change of name;" and that the consolidated company succeeds to all the rights of the consolidated companies and becomes liable for all their obligations. And this court so held in Springfield Lighting Co. v. Hobart, 98 Mo. App. 227.

The provision in the contract that in the event that the client should settle the suit without plaintiff's consent he should pay plaintiff for his services a sum equal to one-half of the amount claimed as damages in the petition, we do not believe rendered the entire contract void. The contract in that respect is separable, and it is not contended that it is enforceable as against defendants. Its validity could only be called in question in case plaintiff sought to enforce it against his client. It may not be improper to add that plaintiff in

this proceeding does not even call in question the right of his client to compromise said suit notwithstanding the agreement that he should not do so, without plaintiff's consent, and does not seek to enforce the agreement in that respect. He is only asking that his lien for his fee be enforced under the statute notwithstanding the client violated the contract. We cannot see wherein defendants' rights are affected in any way by reason of such restriction. The petition in our opinion did state a good cause of action, therefore the action of the trial court is reversed and remanded. All concur.