LINCOLN SAFE DEPOSIT COMPANY, a Corporation, Appellant, v. CONTINENTAL LIFE INSURANCE COMPANY, A Corporation, Respondent.

In the Kansas City Court of Appeals, March 5, 1923.

1. JURISDICTION: Foreign Statute: Corporations: Service: Judgment: In an Action in This State upon a Judgment Rendered in Nebraska, Where its Laws Did Not Require a Copy of the Petition to be Served on Foreign Corporation with Writ, the Failure to Serve Copy of Petition with Writ Did Not Render Service Invalid and Was Sufficient to Confer Jurisdiction on Nebraska Court as Its Laws Govern with Respect Thereto. Under sections 7631 and 7636, Revised Statutes of Nebraska, providing manner of service of summons and service on agent of foreign corporations, in order to constitute valid service upon an agent of such corporation, service of copy of petition with the writ is not required, and as validity of service of writ must be determined by laws of Nebraska, it is *held* in an action in this State upon a judgment rendered in Nebraska that the service and return of summons were valid and sufficient to confer jurisdiction upon the Nebraska court.

2. ———: ———: ———: ———: ———: Record of Judgment Showing Service of Summons upon a Foreign Corporation in Another State Held Valid Service Within Laws of Foreign State. In an action in this State upon a judgment rendered in Nebraska, where the record thereof showed that return on back of summons stated that service was had on the within named defendant, foreign corporation, by delivering two certified copies of the summons to the secretary of trade and commerce of Nebraska, *held* a sufficient return within section 7632, Revised Statutes, Nebraska, 1913, the evidence showing written appointment, by such corporation, of secretary of insurance board of Nebraska upon whom service of process might be served; the statute providing that the secretary of trade and commerce of Nebraska was the proper statutory officer for service.

3. ———: ———: ———: ———: Service of Process upon State Officials, Appointed by Foreign Corporation For That Purpose, Held Valid as Against Corporations Subsequently Absorbing Its Name and Identity by Merger and Consolidation. Where a corporation organized under the laws of State of Kansas was authorized to do business in Nebraska and filed written appointment of secretary of insurance board, as its attorney, upon whom service of process

213 M. A.—36

might be made, and subsequently merged with a Missouri corporation which absorbed its name and identity, and which thereafter consolidated with a corporation of the State of Utah, upon the same terms, although neither of the consolidated corporations were authorized to transact business in the State of Nebraska it is *held* the agent appointed in Nebraska for the Kansas corporation became the agent of the consolidated corporations for purpose of service of process.

4. **CORPORATIONS: Merger: Consolidation: In Absence of Agreement, Consolidated Corporation is Answerable For All Liabilities of Corporation Ceasing to Exist by Being Annexed to or Merged Therewith.** Where a corporation ceases to exist by being annexed or merged in another corporation, if no arrangements are made respecting its property and liabilities, the subsisting corporation will be entitled to all the property and answerable for all the liabilities of the absorbed corporation.

5. **———: ———: ———: Insurance: Consolidated Corporation Liable For All Liabilities of Merged Corporation, Its Liability Not Being Limited Merely to Contracts of Insurance Issued by It.** Where a consolidated corporation absorbed another by annexation and merger, it is liable for all of the liabilities of the merged corporation, and as applied to insurance companies, and their contracts of insurance, there being no limitation of liability in the law with respect thereto, it is *held* that a consolidated insurance company was liable for all liabilities, including liability on indorsement on a certificate of deposit assigned to plaintiff as well as upon contracts of insurance.

6. **EVIDENCE: Certficates Showing Various Items, Constituting Record of Judgment of Foreign Court, Sued on in This State, Held Not Invalid Because Certified Separately and Not Compiled Under One Certificate.** In an action upon a judgment rendered in another State where certified copies of the record showed various items, which made up the record of the foreign court, were certified separately, the certification thereof was not invalid because not compiled under one certificate.

Appeal from the Circuit Court of Jackson County.—
*Hon. O. A. Lucas,* Judge.

REVERSED AND REMANDED (with directions).

*R. W. Devoe, P. E. Reeder, L. W. Thomason* and *Miller, Camack, Winger & Reeder* for appellant.

*Fyke, Snider & Hume* for respondent.

ARNOLD, J.—This is a suit based upon an alleged default judgment rendered in the district court of Lancaster County, Nebraska, in favor of plaintiff and against defendant. Exemplified copies of the record in the action instituted in the Nebraska court were introduced in evidence, and from these we learn the following:

The Globe Life Insurance Company, prior to its dissolution, was a Kansas corporation authorized to do business in the State of Nebraska. The petition in that suit alleges that on February 12, 1918, the Citizens State Bank of Peru, Nebr., which was a party therein, issued to said insurance company a certificate of deposit in the sum of $1350, payable to the order of the payee, in current funds, upon the return of the certificate properly indorsed, twelve months after date with interest at three percent per annum; that at the time said certificate was issued, and at the time the Globe Life Insurance Company indorsed and delivered the same to plaintiff, the said Life Insurance Company was transacting business as a foreign insurance corporation in the State of Nebraska, and had theretofore, as required by law, executed and filed in the office of the Insurance Board of Nebraska, a written appointment of the Secretary of said Insurance Board, to be its true and lawful attorney in and for the State of Nebraska, upon whom all lawful processes, in any action or proceedings against it commenced in any county in said State, might be served with the same effect as if it were a domestic company; that before maturity of aforesaid certificate of deposit, the payee thereof indorsed same to the Lincoln Safe Deposit Company for value; that thereafter and before its maturity said certificate, for valuable consideration, was indorsed to the City National Bank of Crete, Nebr.; that after maturity of said certificate and after the same had been presented to the maker thereof and payment refused, plaintiff took up said certificate by paying to the holder thereof the amount due thereon, with inter-

est, and that title and ownership of said certificate became reinvested in plaintiff who is now the rightful owner and holder thereof.

The petition further alleges that on August 21, 1919, the said Globe Life Insurance Company entered into a contract of insurance consolidation and merger with the Pioneer Life Insurance Company of America, of Kansas City, Mo., a corporation organized and existing under the laws of Missouri, by the terms and provisions of which contract the Globe Company transferred and ceded to the Pioneer Company all of its policies of insurance in force on said date, and all its other insurance contracts, rights and obligations, and all its property of every kind and character, being its assets admitted and non-admitted; that under the terms of said contract the Pioneer Company re-insured and assumed liability under all obligations and contracts of said Globe Company; that said contract became effective December 31, 1919; that said contract also provided that the charter and corporate identity of the Pioneer Life Insurance Company should be retained and adopted by the said merged and consolidated companies.

It is further alleged that thereafter, on November 25, 1919, the Pioneer Life Insurance Company, as united, merged and consolidated with the Globe Life Insurance Company, entered into a similar contract with the Continental Life Insurance Co., of Salt Lake City, Utah; that under the order of the commission appointed by the Superintendent of Insurance of the State of Missouri, dated January 2, 1920, the corporate entity and character of the Pioneer Life Insurance Company were retained, with its franchises, as the corporate entity of the merged corporation, and the name of the Pioneer Life Insurance Company was thereby changed to that of the Continental Life Insurance Company and said merged Company is now known by the latter name. The petition charges that by reason of the foregoing alleged facts the Continental Life Insurance Company is liable as indorser of the said certificate of deposit.

The consolidation agreements above set out are attached to the petition as exhibits. Summons was issued in the cause, in words and figures, as follows:

"Summons—District Court—Original.

"The State of Nebraska, Lancaster County, ss.

"The State of Nebraska, to the Sheriff of said County,

"Greeting: You are hereby commanded to notify Continental Life Insurance Company, a corporation.

"(Impleaded with Citizens State Bank a corporation), defendant . . . that it has been sued by The Lincoln Safe Deposit Company, a corporation, plaintiff . . . in the District Court of the Third Judicial District in and for said County of Lancaster, and that unless it answer by the 12 day of July, A. D. 1920, the petition of said The Lincoln Safe Deposit Company, a corporation plaintiff . . . filed against it in the Clerk's office of said Court, such petition will be taken as true, and judgment rendered accordingly. You will make due return of this summons on or before the 21 day of June, 1920.

"Witness my hand and seal of said Court at Lincoln, this 8 day of June, A. D. 1920.

(SEAL)                    "J. S. BAER, Clerk,

"By W. C. BURCHAM, Deputy."

RETURN OF SUMMONS.

(Endorsed upon the back of said summons appears the following):

"The State of Nebraska, Lancaster County, ss.

"I hereby certify that on the 9th day of June, 1920, I served within Writ of Summons on the within named Continental Life Insurance Company, a corporation, by delivering in person two true and certified copies of this Summons to J. E. Hart, Secretary of the Department of Trade & Commerce, with all the endorsements thereon, all done in Lancaster County, Nebraska, as required by law.

Fees:

Service and Return ....................... $ .50

Copy ...................................... .50

Mileage ................................... .20

Total ..................................... $1.20

"Ira Miller, Sheriff.

"By E. C. Ward, Deputy."

Endorsed also upon the back of said summons in addition to the title of the case, appears the following:

"If defendant fail to appear and answer, the plaintiff will take judgment for $1,380 together with interest thereon from February 12, 1919, and costs of suit.

"Attest:

"J. S. Baer, Clerk,

"By W. C. Burcham, Deputy."

"Returnable June 21, 1920.

"Peterson & Devoe,

Plaintiff's Attorney.

"Received June 8, 1920,

"By Ira Miller, Sheriff,

"By ............ Deputy."

The cause was tried to the court and judgment in favor of plaintiff was duly entered for $1542.61 and costs, and the cause against Citizens State Bank of Peru, Nebr., was continued for service. Upon this verdict and judgment so rendered in the District Court of Lancaster County, Nebraska, this suit was instituted in the circuit court of Jackson County, Missouri.

The testimony on the part of plaintiff consisted wholly of certified copies of pleadings in the Nebraska court. On behalf of defendant, one P. R. Schweich, secretary of the Continental Insurance Co. was permitted to testify, over the objection of plaintiff, that the said company was at no time licensed to do business in the State of Nebraska, and that it had done no business in that State at any time; that the Pioneer Life Insurance Co., of which the witness had been vice president until its consolidation with the Continental Company had at no

time been authorized to do business in the State of Nebraska, nor did it do any business in said State.

This was all of the oral testimony introduced in the case. Thereupon, at the request of defendant, the court gave the following declarations of law:

"1. The court declares the law to be that under the pleadings and all evidence, plaintiff is not entitled to recover.

"2. The court declares the law to be that if it finds from the evidence that the defendant, Continental Life Insurance Company, had not, at or prior to the time the judgment herein sued upon was rendered, been authorized to do business in Nebraska, and had not appointed any person in that State upon whom service of process against it might be served, then said judgment is void and you will find for defendant.

"3. The court declares the law to be that if it finds from the evidence that at and prior to the time suit was brought against it in Nebraska it had not been doing business in Nebraska and had not been licensed to do business in said State, the judgment sued upon herein was and is void."

After unsuccessful motions for new trial and in arrest of judgment, plaintiff appeals.

It is the contention of plaintiff that the court erred in giving said declarations of law and in rendering judgment for defendant, since defendant, for all judicial purposes, is the same as the Globe Insurance Company; that the agent of the latter for service of process is the agent of defendant, and service on said agent brought respondent into court for the purposes of the Nebraska suit.

This contention is based upon the appointment of the Insurance Commission of the State of Nebraska as attorney for the Globe Life Insurance Company for purposes of service of processes against the Company in that State, said power of attorney being in words and figures as follows:

"State of Kansas, County of Salina, ss.

"Know all men by these Presents:

"That the Globe Life Insurance Company of Salina in the State of Kansas, does hereby appoint the Insurance Commissioner of the State of Nebraska, its true and lawful attorney upon whom all lawful process in any action or proceeding against the company may be served with the same effect as if the Company existed in this State.

"And it is hereby stipulated and agreed on the part of the company, that any lawful process against said company which is served on said attorney shall be of the same legal force and validity as if served on the company; and that this authority shall continue in force so long as any liability remains outstanding against the company in this State.

"Witness the seal of said Globe Life Insurance Company and the official signatures of the President and Secretary thereof at Salina in the State of Kansas this 31st day of March, 1917.

"(Seal)

"C. A. MOSBY, Secretary.

FELIX BROEKER, President."

The jurisdiction of the Nebraska court is directly placed in issue by defendant in its charge that (1) return to the summons does not show that this defendant was served; (2) does not show that this defendant was doing, or ever had done business in the State of Nebraska; (3) does not show that J. E. Hart, secretary of the Department of Trade and Commerce was authorized to accept service for this defendant; (4) no copy of the petition was served.

The attack obviously is based upon section 1186, Revised Statutes 1919 (sec. 1760, R. S. 1909, Laws 1915, as amended), which provides that in the service of summons, it is required service shall be had ".  .  .  where the defendant is a corporation, or joint stock company, organized under the laws of any other State or country, and having an office and doing business in this State, by

delivering a copy of the writ and petition to any officer or agent of such corporation. . . .''

The Nebraska statute provides, article 13, 7631, section 72, (1913);

''The service shall be by delivering a copy of the summons to defendant personally, or by leaving one at his usual place of residence at any time before the return day.'' [R. S. Nebr., p. 404, Ann. 1070, 6641.] Also, 7636, section 77, it is provided that ''foreign corporations, having a managing agent in this State, the service may be upon such agent.'' [R. S. Nebr., p. 404, Ann. 1076, Comp. 6647.]

We find therefore, no requirement in Nebraska that to constitute a valid service a copy of the petition shall be served with the writ. The validity of the service of the writ, against which complaint is lodged, must be determined by the laws of Nebraska and not of Missouri. As to the return of summons, the Nebraska Statute 1913, 7637, section 73, reads: ''Return of summons. In all cases the return must state the time and manner of service. [R. S. Nebr., p. 404, Ann. 1071, Comp. 6642.] However, the return does state that two certified copies of the summons were delivered to J. E. Hart, Secretary of Trade and Commerce of Nebraska. The record shows that this was the proper statutory officer for this purpose.

Under the provisions of the Nebraska statutes, we must hold that the return of the summons is not open to attack for the reasons urged under point 1 of defendant's brief and argument.

This brings us to a discussion of the point which we think decisive of this appeal, to-wit, was the agent appointed in Nebraska for the Globe Insurance Company, the agent of defendant for purposes of service of process. The contract entered into on August 21, 1919, between the Globe Insurance Company of Salina, Kansas, and the Pioneer Life Insurance Company of Kansas City, Mo., provides, among other things: ''Further, the 'Pioneer Company' on its part agrees to assume

and discharge all other obligations and liabilities running against the 'Globe Company' existing at the date this contract of merger and reinsurance becomes effective. It is further agreed that said 'Globe Company' shall merge and consolidate its capital stock, insurance and assets into the 'Pioneer Company.' ''

The contract entered into November 25, 1919, between the Pioneer Life Insurance Company of Kansas City, Mo., and the Continental Life Insurance Company of Salt Lake City, Utah, whereby the two companies became consolidated, provided that the name of the Pioneer Life Insurance Company should be changed and the consolidated companies thereafter be known as the Continental Life Insurance Company. This contract was approved by the Insurance officials of the States of Colorado, Kansas, Utah and Missouri, on January 2, 1920.

It is urged by plaintiff that at the time of the consolidation of the Globe Company with the Pioneer, and again at the consolidation of the Pioneer with the Continental there was an existing outstanding obligation of the Globe Company as indorser of the certificate of deposit in question in this case, which the Pioneer Company, under the terms of the contract, assumed, and which later became the obligation of the Continental Company, under the terms of its contract with the Pioneer, and that defendant, therefore, for judicial purposes is the same as the Globe Insurance Company.

We think this point is answered in the case of Thompson v. Abbott, 61 Mo. 76, where it is said: ''Where one corporation goes entirely out of existence by being annexed to or merged in another corporation, if no arrangements are made respecting the property and liabilities of the corporation that ceases to exist, the subsisting corporation will be entitled to all the property, and be answerable for all the liabilities. . . . Its property passed into the hands of the defendant, and when the benefits were taken, the burdens were assumed.'' [See also Black v. Railroad, 110 Mo. App. 198, 85 S. W.

96; Kinion v. Railroad, 39 Mo. App. 382; Evans v. Bank, 79 Mo. 182.] Touching the business of the old companies and the rights of creditors of each, the consolidated company is a combination of the old companies under a new name. [State v. Garroutte, 67 Mo. 445; Springfield Lighting Co. v. Hobart, 98 Mo. App. 227, 68 S. W. 942.] It has been held also that the new company is the heir to the obligations of the old. Therefore, if the new company refuse to carry out the obligations of the old, the obligee can maintain an action therefor. [Insurance Co. v. Railroad Co., 149 Mass. 214; 1 Thomp. on Private Corp., sec. 382.]

It is insisted by defendant that the obligations of the Globe Company, assumed by defendant, are, or should be, limited to obligations assumed in the insurance policies. We find no reason for such limitation of liability in the law as applied to consolidations of corporations; and certainly the position of defendant is not borne out by the language of the contracts of consolidation. We hold against defendant on this point.

The certificate of the Globe Insurance Company, executed March 31, 1917, appointing the Insurance Commissioner of the State of Nebraska as its agent, upon whom legal service of process could be had, reads: "And this authority shall continue in force so long as liability remains outstanding against this company in this State."

The records show the alleged obligation by indorsement of the certificate of deposit was assumed while the company was doing business in the State of Nebraska. We therefore hold that the defendant was liable for the debts and obligations of the Globe Company in Nebraska, under the provisions of the appointment of agency to accept service, by reason of the consolidations referred to above, and that the trial court erred in giving the three declarations of law which we have set out above and of which plaintiff complains. Defendant argues that because the various items going to make up the record of the Nebraska court were certified separately, and not compiled under one certificate, the certification is

invalid. There are no citations furnished under this point. We think there is no merit in this contention.

For the reasons above stated, we hold the trial court erred in rendering judgment for defendant. The judgment therefore is reversed and the cause remanded with instructions to enter judgment for plaintiff. All concur.