W. A. SHEAFFER PEN CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 16788, 27036. Promulgated December 12, 1930.

*Laurence Graves, Esq.*, for the petitioner.
*O. J. Tall, Esq.*, for the respondent.

OPINION.

SEAWELL: In behalf of the respondent it is contended that this Board has jurisdiction for the reason that the petitioner acquired all the assets and assumed all the liabilities of the dissolved Kraker Pen Co., made such representations to the respondent who relied on the same, and, under such circumstances and the facts established by the evidence, the W. A. Sheaffer Pen Co. is in fact the petitioner properly before the Board.

In support of such insistence, reference is made to section 10165 of the Revised Statutes of Missouri, 1919, vol. 3, which, in part, reads as follows:

Any two corporations now existing under general or special laws, or which may be hereafter created, whose objects and business are in general of the same nature, may amalgamate, unite and consolidate said corporations and form one consolidated corporation, holding and enjoying all the rights, privileges, power, franchises and property belonging to each, and under such corporate name, as they may adopt or agree upon; * * * Provided that no such consolidation shall in any manner affect or impair the rights of any creditors of either of said corporations; * * *

Section 10167 of said statutes states that section 10165 shall apply " only to corporations organized or created solely for manufacturing purchases."

Counsel for the respondent cites as authorities sustaining his contention the following: *Springfield Lighting Co.* v. *Hobart*, 98 Mo. App. 227; 68 S. W. 942; *Wright* v. *Kansas City, Ft. S. & M. R. Co.*, 141 Mo. App. 518; 126 S. W. 517; *Bailey* v. *Railroad Co.*, 22 Wall. 604; and *Western Maryland Ry. Co.* v. *Commissioner*, 33 Fed. (2d) 695, in which latter case the decision of this Board was reversed.

It is not necessary to discuss in detail the decisions relied on, for the reason that the facts and the applicable law in the instant case are different from the facts and the law applied in the cases *supra*. The Missouri statutes apparently were intended to apply only to corporations organized or created thereunder and the decisions of its court of appeals do not indicate otherwise. The Kraker Pen Co. was a separate entity from the petitioner. The former was incorporated under the laws of Missouri, the latter under the laws of Delaware. The deficiency in tax was asserted against the Kraker Pen Co. and not against the petitioner. The W. A. Sheaffer Pen Co., which acquired the assets and assumed the liabilities of the dissolved Kraker Pen Co., is the petitioner herein. There is no evidence that the stockholders of both companies were the same or that the assets and liabilities of the two were the same, which was the case in the *Western Maryland Railway Co.* case, *supra*, relied on by respondent.

The Kraker Pen Co. is the taxpayer to whom the deficiency notice was sent. The petitioner in these proceedings is not proceeded against as taxpayer and therefore is not a proper party. It is not made such by reason of the acquisition of the assets and the assumption of the liabilities of the Kraker Pen Co. nor by any other action shown by the evidence to have been taken by it.

The instant case is controlled by numerous decisions of this Board. See *American Arch Co.*, 13 B. T. A. 552; *Gideon-Anderson Co.*, 18 B. T. A. 329; and also *E. N. & O. M. Ennis*, 21 B. T. A. 406, and other cases cited in all said cases.

We have no jurisdiction as to the petitions filed in Docket Nos. 16788 and 27036 and the proceeding in each is dismissed for lack of jurisdiction.

*Orders of dismissal will be entered accordingly.*