REICHERT *v.* STATE SAVINGS BANK OF ROYAL OAK.

1. PRINCIPAL AND SURETY—CHANGE IN OBLIGEE—DISCHARGE OF SURETY.

   Change in obligee or principal of bond, without consent of surety, will relieve him of undertaking.

2. SAME—SCHOOLS AND SCHOOL DISTRICTS—DISSOLUTION OF DISTRICT—DISCHARGE OF SURETY.

   Where school district named as obligee in depository bond was wholly dissolved by statute, and another district formed consisting in part of portion of former district, there was such change of obligee as released sureties, especially where sureties did not consent to said change.

3. TRUSTS—BANKS AND BANKING—SCHOOLS AND SCHOOL DISTRICTS—RECEIVERS.

   Where school funds with knowledge of bank's officials were deposited without exacting statutory bond, and bank's cash balance was at all times thereafter in excess of said funds until bank went into hands of receiver, they were trust funds and as such entitled to preference (2 Comp. Laws 1929, §§ 7112, 7113).

Appeal from Oakland; Doty (Frank L.), J. Submitted November 22, 1932. (Docket No. 225, Calendar No. 36,881.) Decided January 3, 1933.

Receivership proceedings by Rudolph E. Reichert, State banking commissioner, against State Savings Bank of Royal Oak. On petition by School District of the City of Royal Oak for a preference. Petition denied. Petitioner appeals. Reversed, and preference allowed.

*Arthur E. Moore,* for appellant.

*Fletcher L. Renton,* for appellee.

On change of principals to obligation as discharge of surety, see annotation in 10 L. R. A. (N. S.) 1160; 45 A. L. R. 1426.

FEAD, J. Petitioner school district of the city of Royal Oak filed a claim for preference of school moneys deposited in insolvent defendant bank, on the ground they were trust funds, illegally deposited, for lack of depository bonds required by 2 Comp. Laws 1929, §§ 7112, 7113. The claim was disallowed.

Petitioner was created by Act No. 169, Pub. Acts 1927, enacted May 14, 1927, and given immediate effect. *Newberry* v. *Starr,* 247 Mich. 404. Prior thereto, portions of five school districts, including school district No. 6 of Royal Oak township, were within and portions without the corporate limits of the city of Royal Oak. The new district embraces all the territory, located within the city, of those five districts. The act required the township board to attach the remaining portions of the five districts to adjoining districts located wholly without the city. It also provided for division of assets and liabilities between the districts by the township board, under 2 Comp. Laws 1915, §§ 5659, 5660, except as to specific matters covered by the act. Petitioner district was formally organized July 2, 1928, and, on division, took all the school buildings and moneys of district No. 6.

District No. 6 had about 5,000 students enrolled, seven schoolhouses, and a tax levy of $423,000. Petitioner district in its first year had 7,000 students enrolled, 10 school buildings, and a tax levy of $576,000.

School district No. 6 had deposited its moneys in the First State Bank and Royal Oak Savings Bank. The deposits were secured by depository bonds executed by directors of the respective banks as sureties, all given on or before April 14, 1927. The bonds of the First State Bank ran to the treasurer of school district No. 6, or his successor in office,

and that of the Royal Oak Savings Bank ran to school district No. 6. While somewhat different in language, the condition of each bond was to safe-keep, account for, and pay over the funds of school district No. 6. The banks merged on January 1, 1931, under the name of State Savings Bank. The directors of the two banks became directors of the consolidated institution. The State Savings Bank closed its doors June 11, 1931, and a receiver was appointed.

After its organization, petitioner school district deposited in the individual banks and consolidated bank about $146,000, and had more than such amount to its credit in the State Savings Bank when it closed. The banks and their officials at all times knew that the deposits were school funds. The banks at all times, after June 14, 1927, had cash in vaults and in correspondent banks in excess of petitioner's deposit.

No claim of preference is made as to moneys orig-inally deposited by school district No. 6. Petitioner claims preference as to its own funds under *Reichert* v. *United Savings Bank,* 255 Mich. 685. The re-ceiver argues that the depository bonds given by the individual banks continued in force to cover petitioner's deposits, and the deposits, therefore, were legal.

The case calls for concrete application of the established law of suretyship that a change in the obligee or principal of a bond, without consent of the surety, will relieve him of the undertaking. 50 C. J. p. 98; 21 R. C. L. p. 1061; 45 A. L. R. 1426, note; *Farmers Co-operative Creamery Co.* v. *Huhn,* 241 Mich. 23.

No construction of the bonds can avoid the con-clusion that they were executed to a definite obligee,

school district No. 6. The first principal question is whether, in law and fact, the substitution of petitioner for school district No. 6 in the bonds would be a change of the obligee. Unless that question be answered in the negative, the inquiry whether the change was of injury or benefit to the sureties is not pertinent.

The receiver contends that the change of school districts has been only one of name, and where an obligee or principal in a bond is a corporation which merely changes its name, without being a new creation, the bond remains effective. *Scovill Manfg. Co.* v. *Cassidy,* 275 Ill. 462 (114 N. E. 181, Ann. Cas. 1918 E, 602); *W. T. Rawleigh Co.* v. *Grigg* (Mo. App.), 191 S. W. 1019; *Coffey* v. *National Bank,* 46 Mo. 140 (2 Am. Rep. 488); *contra, Crane Co.* v. *Specht,* 39 Neb. 123 (57 N. W. 1015, 42 Am. St. Rep. 562).

This rule has been extended to the holding that a consolidation of corporations, under statutes which impose all obligations and confer all rights of the constituent companies on the consolidated company, is to be regarded merely as a continuance of the old corporations, under a new name, as to the business of the old corporations. *Wright* v. *Railway,* 141 Mo. App. 518 (126 S. W. 517); *Pennsylvania & N. R. Co.* v. *Harkins,* 149 Pa. 121 (24 Atl. 175); *Eastern Union Railway* v. *Cochrane,* 9 Exch. (Welsby, Hurlstone & Gordon) 197 (156 Eng. Repr. 84); *Lincoln Safe Deposit Co.* v. *Continental Life Ins. Co.,* 213 Mo. App. 561 (249 S. W. 677).

So, in *Springfield Lighting Co.* v. *Hobart,* 98 Mo. App. 227 (68 S. W. 942), strongly relied on by the receiver, the surety on a bond, executed by a constituent corporation to furnish power, was held to secure performance by the consolidated company.

But, in *Consolidated School District No. 4* v. *Citizens Savings Bank,* 223 Mo. App. 940 (21 S. W. [2d] 781), this rule was expressly limited by the Missouri court to corporations consolidating under statutes providing for succession to rights and liabilities and carrying on the same business as a constituent company.    There, after proper elections under general law, the obligee and two other school districts were consolidated under the name of the plaintiff district.    The court held that the new district could recover any money due from the depository to the old obligee district but could not recover funds deposited by plaintiff after the consolidation. The case is in point, sustaining petitioner.

The case at bar falls within none of the exceptions in which the name of an obligee has been changed.    It cannot be argued pertinently that the parties contracted with reference to the existing law permitting consolidation of school districts, because plaintiff district was created by a special and later act of the legislature.    Nor does it appear that the new district is merely a continuance of the old district No. 6 under a new name as to business of the old district.    School district No. 6 did not enter and become part of petitioner district as an entity.    It was dismembered territorially, and only part incorporated into petitioner.    Petitioner did not succeed to all the rights and liabilities of district No. 6, but only to such as the statute specifically provided, *i. e.,* to such as apply to that part of the territory within the city limits, as was otherwise expressly declared by statute, or awarded by the township board upon equitable division.    Petitioner district is not carrying on business which school district No. 6 obligated itself to continue nor as to which it had a right to future performance.

The effect of the statute was to wholly dissolve school district No. 6 and to form petitioner district as a new and independent entity. Consequently, the substitution of petitioner for district No. 6 in the depository bonds would result in a change of obligee and release the sureties. Perhaps it should be stated that it is not claimed that the sureties consented to the change or are estopped from denying liability. This ruling renders unnecessary discussion of the other points raised.

The order will be reversed, and petitioner allowed preference, but without costs.

McDonald, C. J., and Clark, Potter, Sharpe, North, Wiest, and Butzel, JJ., concurred.