CHARLES L. TAYLOR, RESPONDENT, v. AMERICAN MUTUAL ASSN., APPELLANT.—77 S. W. (2d) 865.

Kansas City Court of Appeals. December 3, 1934.

*Randolph & Randolph* and *Nile L. Vermillion* for respondent.

*Hargus & Johnson* and *Embry & Embry* for appellant.

CAMPBELL, C.—The American Mutual Association "organized under the common law," hereinafter referred to as the association, on April 12, 1928, issued to the plaintiff a contract of life insurance, attached thereto a disability benefit rider, by the terms of which the association promised to pay to plaintiff the amount stated in the contract in event plaintiff suffered permanent total disability occasioned by accident or disease. The association, acting through its officers, on September 10, 1929, adopted a resolution as follows:

"Whereas, it has been deemed to the best interests of the membership of the American Mutual Benefit Association that said association should become an assessment insurance company and conduct its business in accordance with Article III, Chapter 50, Revised Statutes of Missouri, 1919, and amendments thereto; and

"Whereas, steps have been taken to incorporate an organization under said laws to take over the membership of said association under the style and name of 'American Mutual Association;'

"Therefore, Be it Resolved, that, for value received, all the business, good will, and assets, including memberships and insurance in force of the American Mutual Benefit Association, be and the same are hereby sold, transferred, set over, and assigned to the American Mutual Association, excepting herein all disability benefits evidenced by riders attached to certificates of memberships issued prior to September 1, 1928, provided that said transfer shall not prevent the American Mutual Benefit Association from adjusting and closing out said disability protection herein excepted, and from winding up any other unfinished business."

The American Mutual Association, hereinafter referred to as the defendant, on September 21, 1929, became a body corporate in virtue of the decree of the Circuit Court of St. Clair County, Missouri. The defendant, subsequent to its organization, tendered to the plaintiff a new contract. The plaintiff refused the tender, retained the old contract, of which the rider was a part, and paid all of the assessments thereon, of which he received notice.

Plaintiff, on October 28, 1929, was totally and permanently disabled, caused by accident. He made proof of his disability, defendant denied liability, and this suit, which is based upon the rider issued by the association and the alleged assumptions thereof by the defendant, followed. Upon trial the plaintiff obtained a judgment in the sum of $2000, from which the defendant has appealed.

Counsel for the defendant say:

"Under the old disability rider, which was attached to his policy, the plaintiff would, if totally and permanently disabled by this accident, be entitled to such sum as would be raised by an assessment of $2 levied on each remaining member of the American Mutual Benefit Association, who held similar riders attached to their certificates, and not to exceed the sum of $2,000, but under the new disability rider issued by the American Mutual Association, no payment is provided for permanent and total disability, except where caused by specified injuries, none of which were suffered by this plaintiff."

Under points and authorities the defendant says (1) that the association was not an insurance company "and could only be liable to the plaintiff for what one assessment on the holders of its disability riders would bring in—not to exceed $2,000;" (2) that defendant, an assessment insurance company, if liable at all, could not be liable to plaintiff for a greater amount than the association "would have been liable," and (3) that defendant did not assume any liability under the rider, was not liable to plaintiff, and the court erred in not directing verdict in its favor.

The determination of the questions raised in points 2 and 3 will dispose of the question presented in point 1. The question presented in point 3 is, did the defendant assume the obligations of the association imposed upon the association by the terms of the rider which the latter issued?

The resolution of September 10 said that it was to the best interest of the membership of the association that the *association should become* a body corporate under the law relating to assessment insurance companies; that the name of the corporation to be formed should be American Mutual Association; that for value received all of the property of the association was sold and transferred to the defendant "excepting herein all disability benefits evidenced by riders attached to certificates of memberships issued prior to September 1, 1928. . . ."

The legal effect of the transaction evidenced by the resolution of September 10, so far as this case is concerned, was a mere change in the name of the entity with which plaintiff contracted. The association, the so-called common law trust, merged into the defendant association. Upon receiving the property, including memberships of the association, the defendant, as a matter of law, assumed the burdens imposed in the contracts of the association. [Sweeney v. Heap O'Brien Mining Co., 194 Mo. App. 140, 186 S. W. 739; Lincoln Safe Dep. Co. v. Cont. Life Ins. Co., 213 Mo. App. 561, 570.]

The contention of the defendant that it "could not be liable to plaintiff for a greater amount than the American Mutual Benefit Association could have been liable;" is sound. Therefore, we will, in determining the amount which plaintiff is entitled to recover, consider the question as though the association was the defendant. The plaintiff, *under the terms* of the contract, was entitled to receive the proceeds of an assessment of $2 levied upon each remaining member of the association who held similar riders not to exceed the sum of $2000. There was no evidence tending to show the amount an assessment would have produced. The burden was on the defendant to show that the proceeds of an assessment, *even under the terms* of the contract, would have produced less than $2000. [Martin v. Modern Woodmen of America, 158 Mo. App. 468, 481.]

Upon the record before us the defendant may not complain of the amount of recovery.

There is another reason supporting the judgment. The contract issued by the association was one of assessment life insurance. Under the provisions of Section 5747, Revised Statutes 1929, the amount payable under the contract was the sum named therein, to-wit, $2000.

The defendant assigns error to the action of the court in giving plaintiff's instructions numbers 1, 2, 3 and 4. The assignment is

not thereafter mentioned in the briefs and is, therefore, abandoned. The judgment is affirmed. *Reynolds, C.,* concurs.

PER CURIAM:—The foregoing opinion of CAMPBELL, C., is adopted as the opinion of the court. The judgment is affirmed. All concur.